**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard LACEY, Defendant–Appellant.**

**Nos. 91–3255, 91–3256.**

United States Court of Appeals,
Tenth Circuit.

July 9, 1992.

Stephen E. Robinson, Joseph, Robinson & Anderson, P.A., Wichita, Kan., for defendant-appellant.

Kim Martin Fowler, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with her on the brief), Wichita, Kan., for plaintiff-appellee.

Before MOORE, ENGEL,[†] and KELLY, Circuit Judges.

† The Honorable Albert J. Engel, Senior United States Circuit Judge for the United States Court of Appeals–Sixth Circuit, sitting by designation.

PAUL KELLY, Jr., Circuit Judge.

Richard Lacey appeals his conviction and sentence for various drug-related offenses. Mr. Lacey was indicted with other individuals in July 1989 and convicted of six counts including conspiracy to distribute cocaine, distribution of approximately 500 grams of cocaine, possession with intent to distribute cocaine, and possession with intent to distribute marijuana (21 U.S.C. §§ 841(a)(1) & 846). Mr. Lacey failed to appear on the first day of trial and was tried *in absentia.* Mr. Lacey subsequently pled guilty to a charge of failure to appear. 18 U.S.C. § 3146(a)(1).

On appeal, Mr. Lacey challenges (1) being tried *in absentia,* (2) a jury instruction relating to his absence, (3) the trial court's failure to dismiss the indictment for misconduct before the grand jury, (4) the propriety of the search warrant issued to search his home, (5) the sufficiency of the allegations contained in the conspiracy count, (6) the effectiveness of his trial counsel, (7) the admission of certain tape-recorded statements of a codefendant, (8) the sufficiency of the evidence to sustain his conviction, and (9) an offense level adjustment under U.S.S.G. § 3C1.1. Jurisdiction of this court arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Certain points of error raised by the appellant, specifically (1), (3), (5) and (7) above, were disposed of by this court in a related appeal of a codefendant. *United States v. Edmonson,* 962 F.2d 1535 (10th Cir.1992). After reviewing the remaining objections of appellant, for the reasons below, we affirm his conviction on all counts, but remand for resentencing.

I.

We first address appellant's contention that the instruction concerning his absence was plain error. Specifically, appellant claims the trial court erred in instructing the jury that it was not to hold Mr. Lacey's absence against the other code-

fendants and deemphasizing Mr. Lacey's presumption of innocence.[1]

Appellant concedes that a specific objection to Instruction 21 does not appear in the record. While counsel had requested a slightly different version of the instruction, in order to preserve any alleged error, he was still obligated to object to the instruction actually given, stating the grounds for the objection. Fed.R.Crim.P. 30; *United States v. Fountain*, 642 F.2d 1083 (7th Cir.), *cert. denied*, 451 U.S. 993, 101 S.Ct. 2335, 68 L.Ed.2d 854 (1981). When an objection is not made, the "plain error" standard of review is appropriate. Fed. R.Crim.P. 52(b). The error complained of must be "so 'plain' [that] the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).

With respect to jury instructions, the district court is vested with discretion. *United States v. Pena*, 930 F.2d 1486, 1492 (10th Cir.1991). Appellant seems to contend that the district court's comments to counsel concerning proposed instructions that were not given and the statements of other counsel in some way tainted the jury instruction. We disagree. The jury instructions, taken as a whole, give an accurate statement of the law. *Pena*, 930 F.2d at 1493. The jurors were instructed that the presumption of innocence attached to all defendants and that Mr. Lacey's absence should not be construed to imply the guilt of the other defendants. Both of these statements are proper.

Appellant cites *United States v. Sanchez*, 790 F.2d 245 (2d Cir.), *cert. denied*, 479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986), and similar cases to support his position. These cases deal with the giving of a flight instruction where a defendant flees during trial, *Sanchez*, 790 F.2d at 252–53, and are not applicable here. Similarly, the trial judge's comment to counsel,

outside the hearing of the jury, that he "[a]lmost did it [gave a flight instruction], but didn't do it" is unimportant because, as the judge indicated, he did not include a flight instruction. IX R. 2363.

## II.

After Mr. Lacey's arrest, a district judge issued a search warrant based on an affidavit by the investigating agent. Appellant claims that this affidavit did not provide sufficient probable cause to search his home and that evidence seized from that search should be excluded. We review the probable cause determination "to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). "Great deference" to the magistrate's or district judge's determination is appropriate, so long as a substantial basis for his conclusion exists. *United States v. Leon*, 468 U.S. 897, 914–15, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984).

The location described in the application was Mr. Lacey's Wichita home. The affidavit of the investigating agent cites three confidential sources, two of whom implicated Mr. Lacey as a buyer and seller of large amounts of cocaine, and verified the paging process and pager phone number used by Mr. Lacey in drug transactions. One confidential source described a two-year course of cocaine dealing involving Mr. Lacey in the Wichita area. During one transaction, in the presence of the confidential source, a friend of Mr. Lacey's stated that Mr. Lacey buried drugs. Finally, after a cocaine purchase was arranged by coconspirator, Mary Friesen, Mr. Lacey was observed by agents leaving his home to meet at the designated location.

The information contained in the affidavit gave the issuing district court judge the

---

1. Instruction 21 reads:
   You are instructed that defendant Lacey's absence at trial should not be held against the other defendants. You must keep in mind, however, that all of the defendants, whether present during trial or not, are presumed to be innocent until proven guilty beyond a reasonable doubt.

basis to make a "practical, common sense decision" that there was a "fair probability that contraband or evidence of a crime would be found." *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332. While some of the facts addressed in the affidavit are related to probable cause to arrest, we believe those facts were properly considered with other information to determine that probable cause existed to search Mr. Lacey's home.

### III.

■ Appellant contends that he was denied effective assistance of counsel at trial. Frequently, this issue, especially when not raised in the trial court, is not appropriate for resolution on direct appeal because the record requires greater factual development. *Beaulieu v. United States,* 930 F.2d 805, 807 (10th Cir.1991). Mr. Lacey discusses at length how "both the government and co-defendants took aim at Lacey" (Aplt. Brief at 31), apparently due to counsel's failure to object on various grounds and failure to argue for an instruction regarding Mr. Lacey's absence. Appellant also contends that counsel's failure to object to what may have been improper opinion testimony amounted to ineffective assistance.

We express no opinion on the merits of appellant's arguments and conclude that Mr. Lacey's claims are more appropriately considered on collateral review. Accordingly, appeal as to this issue is dismissed without prejudice.

### IV.

■ Mr. Lacey's next contention is that insufficient evidence exists to sustain his conviction. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) instructs us to "view[ ] the evidence in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

After reviewing the evidence, direct and circumstantial, we conclude that it was sufficient to sustain the conviction beyond a reasonable doubt. Mr. Lacey was arrested after a lengthy investigation. On four occasions, coconspirator Friesen told a government informant that she would get cocaine from Mr. Lacey and, on one occasion, she attempted to call Mr. Lacey during the meeting. On each occasion, after a drug purchase had been arranged, Mr. Lacey was observed meeting with Ms. Friesen before her appointed delivery to the informant. Mr. Lacey took extraordinary and suspicious cautionary measures in travelling to and from these meetings. Immediately prior to one drug transaction, investigators photographed Mr. Lacey entering Ms. Friesen's residence with a brown paper bag and later leaving without the bag. When Mr. Lacey was arrested, at the final rendezvous with Ms. Friesen, his van was found to contain a small amount of cocaine and Ms. Friesen's vehicle contained some five kilograms of cocaine.

### V.

■ Mr. Lacey was convicted of drug-related charges *in absentia.* He was apprehended in Florida and brought back to Wichita, where he pled guilty to a charge of failure to appear. The district court first sentenced on the drug offenses. Based on Mr. Lacey's failure to appear at trial, the judge enhanced the offense level by two, as allowed by Guideline § 3C1.1, for "obstructing or impeding the administration of justice." Based on an offense level of 38 and a criminal history category of II, the guideline range was 262–327 months. The district court sentenced Mr. Lacey to 294 months. Shortly thereafter (in fact, five minutes later), the district court imposed the maximum sentence of thirty months for the failure to appear charge, to be served consecutively with the prior sentence.

Mr. Lacey does not claim error regarding the sentence imposed for failure to appear. Rather, he contends that the two-point enhancement incorporated into his drug offense sentence for obstructive conduct violated the Double Jeopardy Clause of the Fifth Amendment. While the Double Jeop-

ardy Clause most assuredly protects against multiple punishments, *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *United States v. Koonce*, 945 F.2d 1145 (10th Cir. 1991), we need not reach the claim here because Mr. Lacey was sentenced under an incorrect guideline. *See Hagans v. Lavine*, 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974) (if the statutory ground is dispositive, the constitutional question should not be reached).

We review legal conclusions with respect to the Guidelines *de novo*. *United States v. Kirk*, 894 F.2d 1162, 1163 (10th Cir.1990). We have previously held that "basing a sentence on the wrong Guideline range constitutes a fundamental error affecting substantial rights." *United States v. Smith*, 919 F.2d 123, 124 (10th Cir.1990). The failure of the appellant to argue such an error will not prevent our review. *United States v. Voss*, 956 F.2d 1007, 1009 (10th Cir.1992).

Guideline § 3C1.1 permits the trial judge to adjust the offense level for obstructive conduct. The adjustment applies to wilfully failing to appear for a judicial proceeding. U.S.S.G. § 3C1.1, comment. (n. 6). However, the commentary further instructs:

> Where the defendant is convicted both of the obstruction offense [including § 2J1.6 (Failure to Appear by Defendant)] and the underlying offense, *the count for the obstruction offense will be grouped with the count for the underlying offense* under subsection (c) of § 3D1.2 (Groups of Closely–Related Counts). The offense level for that group of closely-related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater.

U.S.S.G. § 3C1.1, comment. (n. 6) (emphasis added).

Thus, if a defendant is convicted of one of the listed obstruction offenses as well as an underlying offense, the counts should be grouped. As the commentary to § 3C1.1 indicates, § 3D1.2 relates to consolidation of offenses. Guideline § 3D1.2 specifies that counts involving "substantial-

ly the same harm" should be consolidated. Counts involve substantially the same harm "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, *or other adjustment to,* the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c) (emphasis added). Application Note 5 to that section explains:

> Subsection (c) provides that when conduct that represents a separate count, *e.g.,* bodily injury or obstruction of justice, is also a specific offense characteristic in or other adjustment to another count, the count represented by that conduct is to be grouped with the count to which it constitutes an aggravating factor. This provision prevents "double counting" of offense behavior.... [A] count such as obstruction of justice, which represents a Chapter Three adjustment and involves a different harm or societal interest than the underlying offense, is covered by subsection (c).

U.S.S.G. § 3D1.2, comment. (n. 5).

As these Guidelines make clear, if the court enhances an offense level for an underlying offense due to behavior included in the obstruction offense, the court must group the offenses. *See United States v. Connor*, 950 F.2d 1267, 1276 n. 5 (7th Cir. 1991); *United States v. Williams*, 935 F.2d 1531, 1539 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1189, 117 L.Ed.2d 431 (1991); *United States v. Hankins*, 931 F.2d 1256, 1265 (8th Cir.) *cert. denied* —— U.S. ——, 112 S.Ct. 243, 116 L.Ed.2d 198 (1991). The court must then determine the appropriate sentence using the greater of either the enhanced offense level for the underlying offense or the obstruction offense. The district court erred here by imposing a consecutive sentence for the obstruction offense when it had already enhanced the underlying drug offense level.

Therefore, we AFFIRM the convictions, but REMAND to the district court with an order to VACATE the sentences and resentence in accordance with this opinion.