23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan FLORES, Defendant-Appellant.
 No. 93-3771.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and TIMBERS, Senior U.S. Circuit Judge.*
 ORDER
 Juan Flores, a federal prisoner, appeals the judgment of sentence entered upon remand following his guilty pleas to distributing marijuana in violation of 21 U.S.C. Sec. 841(a)(1), and failing to appear for arraignment in violation of 18 U.S.C. Sec. 3146(a)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Flores pleaded guilty to the two counts described above. He was sentenced on March 20, 1992, to consecutive prison terms of 60 months on the drug charge and 12 months for failure to appear. In addition, the district court imposed a three-year term of supervised release. Upon review, a panel of this court vacated the judgment and remanded the case for resentencing in an unpublished opinion. United States v. Flores, No. 92-3312 (6th Cir. Feb. 10, 1993) (per curiam). Following a resentencing hearing held on May 28, 1993, the district court entered its judgment on remand accompanied by an order giving a statement of reasons, on July 2, 1993. In this judgment, the district court reduced Flores's sentence on the drug count to 51 months in prison; yet, it also concluded that the Court of Appeals had not vacated Flores's sentence for failure to appear, and so it did not reconsider that sentence.
 Flores's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel, who had brought Flores's earlier successful appeal, has failed to identify any additional issues which she considers meritorious. Although Flores was informed that he had 21 days in which to file a supplemental brief, none has been received by the court.
 Initially, we reluctantly grant counsel's motion to withdraw because counsel has arguably filed a minimally adequate Anders brief submitting, upon a review of the entire case, that this appeal is frivolous. Further representation by this counsel would not aid the court in rendering a decision in this case, which, contrary to counsel's opinion, does present substantial merit.
 Upon review, we affirm the district court's factual findings relating to base offense level, role in the offense, and acceptance of responsibility. However, we vacate the judgment and remand the case because the district court erred in imposing a separate sentence for obstruction of justice to run consecutively to Flores's sentence for the underlying drug trafficking offense, which had itself been enhanced for obstruction of justice.
 In its opinion remanding Flores's case for resentencing, this court directed the district court to resolve the sentencing issues disputed by Flores. The district court complied with the mandate of this court when it held a resentencing hearing, made findings on the disputed issues, and explained these findings in an order accompanying its judgment upon remand. Based upon its findings, the district court lowered Flores's sentence for distributing marijuana from 60 months to 51 months. However, the district court did not believe that Flores's sentence for failure to appear had been vacated by this court, and so it did not reconsider that sentence or any disputed issues involving it on remand. An examination of our previous opinion shows that the entire judgment of sentence, including that for failure to appear, was vacated.
 
 
 1
 In light of this misunderstanding our review of the record has identified several issues that could have been raised for the purposes of the Anders brief, including one issue with considerable merit: (1) the district court erred in finding that Flores was responsible for distributing over 40 kilograms of marijuana, (2) the district court erred in applying a two-level increase under U.S.S.G. Sec. 3B1.1(c), (3) the district court erred when it did not decrease Flores's offense level by two for acceptance of responsibility, and (4) imposition of a two-level increase for obstruction of justice along with a consecutive 12-month sentence for failure to appear constituted impermissible double-counting. These issues were properly preserved for appeal; and, while an appellate court normally lacks jurisdiction to review a sentence within the applicable guideline range, these issues raise the question of whether the sentence was imposed in violation of law or resulted from an incorrect application of the guidelines, thus rendering them fully reviewable. 18 U.S.C. Sec. 3742(a)(1); United States v. Isom, 992 F.2d 91, 93-94 (6th Cir.1993).
 
 
 2
 A preponderance of the evidence presented at Flores's resentencing hearing supports the district court's findings on the first three issues, and so we hold that the district court's findings as to base offense level, role in the offense, and acceptance of responsibility are not clearly erroneous. See United States v. Reed, 951 F.2d 97, 99 (6th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992); United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 112 S.Ct. 666 (1991); United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.), cert. denied, 111 S.Ct. 2246 (1991).
 
 
 3
 We vacate the judgment of sentence entered on July 2, 1993, however, because the district court imposed a separate sentence on the count charging Flores with failure to appear, and made it run consecutively to the sentence imposed for the drug charge, which was based in part upon a two-level enhancement for obstruction of justice. This sentence is contrary to the applicable provisions of the Sentencing Guidelines. The district court's interpretation of the guidelines is a question of law subject to de novo review. United States v. Gresser, 935 F.2d 96, 100 (6th Cir.), cert. denied, 112 S.Ct. 239 (1991).
 
 
 4
 The probation office outlined the proper method for determining a defendant's sentence when he is both convicted of failure to appear and found to have obstructed justice by failing to appear during the prosecution of the underlying offense. Under this method, both counts are grouped together under U.S.S.G. Sec. 3D1.2. See United States v. Beckner, 983 F.2d 1380, 1384 (6th Cir.1993) ("if an obstruction [of justice] offense has been used to adjust the sentence for a related offense, then in sentencing for the obstruction offense the court is required to group that offense with the related offense even when the two were separately charged and separately tried and are being separately sentenced") (quoting United States v. Lincoln, 956 F.2d 1465, 1470 (8th Cir.), cert. denied, 113 S.Ct. 259 (1992)). The enhanced offense level for the underlying offense is compared to the offense level under Sec. 2J1.6 (which was 12, in Flores's case) and the higher offense level only is used to impose a single sentence.
 
 
 5
 Flores's case is similar to that decided by the Tenth Circuit in United States v. Lacey, 969 F.2d 926 (10th Cir.1992), judgment vacated on other grounds, 113 S.Ct. 1233 (1993). Lacey was convicted of drug-related charges in absentia when he failed to appear for his trial. After his apprehension, he was returned for sentencing. The district court first sentenced him on the drug convictions, enhancing his offense level by two for obstructing justice, pursuant to U.S.S.G. Sec. 3C1.1. Five minutes later, the district court imposed a maximum sentence of thirty months for the failure to appear charge, to be served consecutively to the prior sentence. Id. at 929. The Tenth Circuit found this sentence to be incorrect under its analysis of the guidelines and explained the correct procedure for sentencing under these circumstances:
 
 
 6
 As these Guidelines make clear, if the court enhances an offense level for an underlying offense due to behavior included in the obstruction offense, the court must group the offenses. [citations omitted] The court must then determine the appropriate sentence using the greater of either the enhanced offense level for the underlying offense or the obstruction offense. The district court erred here by imposing a consecutive sentence for the obstruction offense when it had already enhanced the underlying drug offense level.
 
 
 7
 Id. at 930 (emphasis added).
 
 
 8
 Flores's counsel objected to the double-counting at his resentencing. Despite the district court's clear expressions of sympathy with Flores's position on this question, it felt itself bound by its understanding of the guidelines as the probation officer again explained them at the hearing, and by the limited nature of this court's mandate. We believe that the district court misinterpreted both this court's mandate and the probation officer's explanation of the guidelines at the hearing. In light of Judge Rubin's expressed discomfort with the sentences he was imposing as they related to Flores's obstruction of justice, it is by no means clear to us that he would have imposed a total of 63 months had he felt free to do otherwise.
 
 
 9
 Accordingly, we grant counsel's motion to withdraw. The district court's findings of fact are affirmed insofar as they relate to the base offense level for drug trafficking, role in the offense, and acceptance of responsibility. The judgment entered on July 2, 1993, is vacated, however, and the case is remanded for the district court to impose a single sentence under the procedure set forth in this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation