# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3594

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Robert P. Crow Dog, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:    May 15, 1998

Filed:    July 15, 1998

_____

Before McMILLIAN, NOONAN,[1] and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Robert P. Crow Dog (Crow Dog) appeals from the sentence imposed by the District Court[2] for the District of South Dakota following his guilty plea to arson, 18

_____

[1]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

U.S.C. § 81, and failure to appear, 18 U.S.C. § 3146. The district court sentenced Crow Dog to a total of 49 months imprisonment (37 months for arson and 12 months for failure to appear), 3 years supervised release, a special assessment of $150, and restitution in the amount of $5,500. United States v. Crow Dog, Nos. CR95-30025, CR96-30059 (D.S.D. Sept. 10, 1997). For reversal, Crow Dog argues that the district court erred in imposing separate and consecutive sentences for his arson and failure to appear convictions. Specifically, he argues that, pursuant to the United States Sentencing Guidelines (Sentencing Guidelines), the district court should have determined the base offense level with the arson conviction and imposed a two-level upward adjustment for the failure to appear conviction. See U.S.S.G. § 3C1.1. For the reasons stated below, we affirm.

## Jurisdiction

Jurisdiction in the district court was proper based upon 18 U.S.C. § 1153.[3] Jurisdiction in this court is proper based upon 28 U.S.C. § 3742(a). The notice of appeal was timely filed pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure.

## Background

The facts in this case are undisputed. On January 30, 1995, Crow Dog set fire to a residence on the Rosebud Sioux Indian Reservation. In March 1995 a federal grand jury in South Dakota indicted Crow Dog and charged him with one count of arson in violation of 18 U.S.C. § 81. In March 1996 he was arrested in New Mexico and ordered to appear before a United States magistrate judge in Pierre, South Dakota. He appeared in South Dakota and was released on bond in April 1996.

---

[3] 18 U.S.C. § 1153 gives federal district courts exclusive criminal jurisdiction over Native Americans who commit certain crimes within Indian country.

Crow Dog's trial on the arson charge was scheduled for May 28, 1996. Several weeks before trial, Crow Dog signed a plea agreement wherein he promised to plead guilty to arson. A change of plea hearing was scheduled for May 21, 1996. Crow Dog then absconded to Canada, failing to appear at both the change of plea hearing and for trial. A warrant was issued for his arrest, and a two-count indictment was returned charging him with one count of failure to appear at the change of plea hearing and one count of failure to appear for trial. Crow Dog was arrested in Canada on unrelated charges and extradition proceedings began. He eventually waived extradition and returned to the United States.

On June 18, 1997, Crow Dog entered a guilty plea to one count of arson and one count of failure to appear. The negotiated plea agreement required that Crow Dog plead guilty only to one of the failure to appear counts. The initial Presentence Investigation Report (PSR) did not include a penalty in the form of an upward adjustment for the failure to appear conviction. The government objected and a revised PSR recommended that the failure to appear conviction be used to adjust the base offense level for the arson conviction. This revision resulted in a total offense level for both offenses of 23 (including a two-level upward adjustment for obstruction of justice, U.S.S.G. § 3C1.1, and a three-level downward adjustment for acceptance of responsibility and assistance, U.S.S.G § 3E1.1) with a Sentencing Guideline range of 46-57 months.

At the sentencing hearing, the district court decided that, pursuant to 18 U.S.C. § 3146(b)(2), the failure to appear conviction required a sentence consecutive to the sentence for the arson conviction.[4] Consequently, the district court determined that the underlying arson conviction established a base offense level of 21 and a Sentencing

---

[4] 18 U.S.C. § 3146(b)(2) requires that, in the event of a conviction for a failure to appear, "[a] term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense."

Guideline range of 37-46 months and the failure to appear conviction established a total offense level of 13 and a Sentencing Guideline rage of 12-18 months. To avoid double counting, the district court did not use the failure to appear conviction to adjust the base offense level upward. Instead, the district court treated the convictions separately and imposed consecutive sentences. The district court sentenced Crow Dog to a total of 49 months imprisonment, specifying that 37 months were for arson and 12 months were for failure to appear. This appeal followed.

**Discussion**

The only question in this case is whether sentencing courts should use a conviction for failure to appear as an upward adjustment to a base offense level determined by the underlying conviction or whether they should treat it independently and impose a sentence separate and consecutive to the sentence for the underlying conviction. The application of Sentencing Guidelines is a question of law subject to *de novo* review. See United States v. Lamere, 980 F.2d 506, 510 (8th Cir. 1992); United States v. Werlinger, 894 F.2d 1015, 1016 (8th Cir. 1990).

Crow Dog argues that a failure to appear conviction is appropriately treated under Commentary 3 to U.S.S.G. § 2J1.6: first, determine the base offense level with the underlying conviction, then group the convictions, treating the failure to appear conviction as an obstruction of justice pursuant to U.S.S.G. § 3C1.1, and, finally, adjust the base offense level upward. He also argues that Commentary 3 to U.S.S.G. § 2J1.6 resolves any apparent conflict between the consecutive sentence requirement of 18 U.S.C. § 3146, and the grouping and adjustment requirements of U.S.S.G. §§ 3C1.1 and 3D1.2.[5] He argues that the sentencing court can comply with 18 U.S.C. § 3146 by

---

[5]When a court imposes a sentence of imprisonment on a failure to appear count,

the combined sentence must be constructed to provide a "total

-4-

first treating the failure to appear as an upward adjustment to the base offense level and then dividing the final sentence to satisfy the statutory requirement of a consecutive sentence. See U.S.S.G. § 2J1.6 cmt. 3. We are not persuaded by this reasoning.

The district court correctly refused to group the two offenses and correctly imposed a separate and consecutive sentence for the failure to appear conviction. Congress specifically provided that, if a sentence is imposed for a failure to appear count, it must be "consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146(b)(2). The intent of the statute is clear: failure to appear for a court-ordered proceeding is a serious crime and should be deterred by the imposition of a separate penalty through a consecutive sentence. See United States v. Packer, 70 F.3d 357, 360 (5th Cir. 1995) (interpreting the statute's intent), cert. denied, 117 S. Ct. 75 (1996). Contrary to the suggested treatment of a sentence in Commentary 3 to U.S.S.G. § 2J1.6, the statute does not suggest that a sentencing court might determine a total sentence for the underlying offense or offenses and the failure to appear and then divide the sentence among the convictions. The consecutive sentencing requirement of the statute is in conflict with Commentary 3 to U.S.S.G § 2J1.6. The statute's requirement of a consecutive sentence, therefore, prevails over the Sentencing Guidelines. See Packer, 70 F.3d at 360 (holding that 18 U.S.C. § 3146(b)(2) prevails over Commentary 3 to U.S.S.G § 2J1.6, because the commentary defeats the statute's intent); cf. United States v. Vue, 13 F.3d 1206, 1214 (8th Cir. 1994) ("[E]very

---

punishment" that satisfies the requirements both of § 5G1.2 (Sentencing on Multiple Counts of Conviction) and 18 U.S.C. § 3146(b)(2). For example, where the combined applicable guideline range for both counts is 30-37 months and the court determines a "total punishment" of 36 months is appropriate, a sentence of thirty months for the underlying offense plus a consecutive six months sentence for the failure to appear count would satisfy these requirements.

U.S.S.G. § 2J1.6 cmt. 3.

appellate court that has considered this question has ruled that a trial court has no discretion to ignore the directive for consecutive sentences that the [firearms sentencing] statute contains."); United States v. Schmeltzer 960 F.2d 405, 408 (5th Cir.) ("All of the United States Courts of Appeal have agreed that statutorily mandated sentences. . . prevail over the guidelines when in apparent conflict."), cert. denied, 506 U.S. 1003 (1992). But see United States v. Pardo, 25 F.3d 1187, 1193-94 (3d Cir. 1994) (treating failure to appear as obstruction of justice enhancement to underlying fraud offense by applying grouping rules).

The Sentencing Guidelines acknowledge that some statutes, like the firearms sentencing statute, 18 U.S.C. § 924(c), require the "imposition of a consecutive sentence." U.S.S.G. § 3D1.1(b). Statutes with such a requirement are excluded from the grouping rules in U.S.S.G. §§ 3D1.2-3D1.5. See id. The grouping rules, if applicable, require a sentencing court to use a failure to appear conviction as an upward adjustment for obstruction of justice of the underlying conviction. U.S.S.G. § 3D1.2(c). If the grouping rules are not applicable because a statute requires a consecutive sentence, U.S.S.G. § 3D1.1(b) dictates that U.S.S.G. § 5G1.2(a) governs, which, in turn, requires that when a statute mandates a consecutive sentence it "shall be determined and imposed independently." Because Commentary 3 to U.S.S.G. § 2J1.6 is inconsistent with two of the Sentencing Guidelines, the Sentencing Guidelines must prevail over the commentary. See Stinson v. United States, 508 U.S. 36, 43 (1993) (holding that a Sentencing Guideline prevails over its commentary if the two are inconsistent) ; United States v. Emigh, 933 F. Supp. 1055, 1060 (M.D. Fla. 1996) (holding that where the commentary to a guideline is at odds with another provision of the guidelines, the guideline prevails), aff'd mem., 136 F.3d 1330 (11th Cir. 1998).

The consecutive sentence requirement of the failure to appear statute, 18 U.S.C. § 3146, brings this case under the consecutive sentence exception in U.S.S.G § 3D1.1(b). The grouping rules of U.S.S.G. §§ 3D1.2-3D1.5 are not applicable.

Instead, U.S.S.G. § 5G1.2(a) governs and requires sentencing courts to determine and impose consecutive sentences independently. Accordingly, we hold that the district court in this case was correct in refusing to group the offenses and in calculating separate and independent sentences for the underlying offense and the offense of failure to appear, to be served consecutively.

The cases upon which Crow Dog relies either support the government's position or are distinguishable. In United States v. Sarna, 28 F.3d 657 (7th Cir. 1994), the defendant was charged with counterfeiting, absconded from the jurisdiction, failed to appear for sentencing, offered to help a confederate abscond from pending charges, and pursued aggravating activities as a fugitive. Id. at 662. The district court relied on Sarna's offer to help his confederate abscond in imposing a two-level upward adjustment for obstruction of justice to his counterfeiting charge. Id. at 661. A month later, the district court imposed a consecutive and independent sentence based on Sarna's failure to appear for sentencing. Id., citing 834 F. Supp. 292, 296 (N.D. Ind. 1993). The Seventh Circuit affirmed. 28 F.3d at 662. Although the Sarna court suggested that "a simple failure to appear must be treated as an obstruction of the underlying offense," id. at 661, Sarna was convicted for failure to appear for sentencing which, under Commentary 3 to U.S.S.G. § 2J1.6, is exempt from the grouping rules and requires an independently determined sentence.

Finally, neither United States v. Lacey, 969 F.2d 926, 930 (10th Cir. 1992), vacated and remanded for reconsideration on other grounds, 507 U.S. 901 (1993), nor United States v. Lechuga, 975 F.2d 397, 401 (7th Cir. 1992), is persuasive because neither court addressed the conflict between 18 U.S.C. § 3146 and Commentary 3 to U.S.S.G. § 2J1.6 or the conflict between Commentary 3 to U.S.S.G. § 2J1.6 and U.S.S.G. §§ 3D1.1(b) and 5G1.2(a).

**Conclusion**

Accordingly, we hold that the district court did not err in imposing separate and consecutive sentences on Crow Dog for arson and failure to appear pursuant to 18 U.S.C. § 3146(b)(2).  The order of the district court is, therefore, affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.