# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee and Cross-Appellant,

v.

CHERYL MARIE GIGLEY,

    Defendant-Appellant and Cross-Appellee.

Nos. 99-3025 & 99-3048
(D.C. No. CR-96-40002)

UNITED STATES OF AMERICA,

    Plaintiff-Appellant and Cross-Appellee,

v.

CHERYL MARIE GIGLEY,

    Defendant-Appellee and Cross-Appellant.

Nos. 99-3049 & 99-3062
(D.C. No. CR-96-40053)

ORDER

Filed May 17, 2000

Before **BALDOCK, HENRY,** and **LUCERO**, Circuit Judges.

These matters are before the court to correct an error in the issuance of the panel's opinions on March 24, 2000. Through clerical error, a dissent prepared by Judge Robert H. Henry was not attached to the disposition of appeal numbers 99-3049 and 99-3062. Consequently, we recall the mandates in appeal numbers 99-3025, 99-3048, 99-3049 and 99-3062, issued on April 17, 2000 and vacate the court's original judgments in these appeals. The court's opinion in 99-3049 and 99-3062, with the dissent included, is attached to this order and is reissued today. Also, the court's opinion in 99-3025 and 99-3048 is, without change, separately reissued today.

The mandates in all four appeals shall reissue forthwith.

PATRICK FISHER, Clerk of Court

by:
Elisabeth A. Shumaker
Chief Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant and Cross-
Appellee,

    v.

CHERYL MARIE GIGLEY,

    Defendant-Appellee and Cross-
Appellant.

Nos. 99-3049, 99-3062

---

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 96-CR-40053)

---

Tom G. Luedke, Assistant United States Attorney (Jackie N. Williams, United
States Attorney, with him on the brief), Topeka, Kansas, for Plaintiff-
Appellant/Cross-Appellee.

Marilyn M. Trubey, Assistant Federal Public Defender (David J. Phillips, Federal
Public Defender, with her on the brief), Topeka, Kansas, for Defendant-
Appellee/Cross-Appellant.

---

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

Defendant Cheryl Marie Gigley pled guilty to failure to appear as required by the conditions of her release in violation of 18 U.S.C. § 3146(a)(2). The district court sentenced her to 18 months imprisonment to run partially concurrently with her sentence on the underlying offense of methamphetamine possession. The Government appeals the district court's imposition of a partially concurrent sentence. Defendant cross-appeals, arguing that the district court erred in failing to group the offenses for sentencing. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We remand for resentencing.

I.

In the companion case, Defendant pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. Defendant failed to appear for sentencing and was charged with failure to appear in this case. After she was apprehended, Defendant pled guilty to failure to appear. In the drug case, the district court relied on the quantity of methamphetamine mixture to find a base offense level of 30 and sentenced Defendant to 120 months imprisonment. We remanded for resentencing based on the amount of pure methamphetamine. United States v. Gigley, Nos. 99-3025, 99-2048, ___ F.3d ___, ___ (10th Cir. Mar. __, 2000). In this case for failure to appear, the district court found a base offense level of 15 and sentenced Defendant to 18 months imprisonment, 12 months of which were to run concurrently with her sentence in the drug case.

-2-

On appeal, the Government argues that the district court erred in ordering 12 months of Defendant's sentence for failure to appear to run concurrently with her sentence in the companion drug case. At the sentencing hearing, the Government objected to the imposition of a partially concurrent sentence. The district court noted the objection, but made no ruling. [1]

In her cross-appeal, Defendant argues that the two cases should have been grouped for sentencing. For that purpose, Defendant filed a motion to consolidate the drug case and the failure to appear case for sentencing. The district court denied the motion, stating: "The motion to combine these cases is denied and overruled, and they will be held separately." At the sentencing hearing in the drug case, Defendant again argued that the offenses should be grouped. Again, the district court made no ruling, but did not group the offenses.

## II.

We review the district court's statutory interpretation de novo. Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998). We also review its

---

[1] The Government's objection is properly before us because the district court considered it at the sentencing hearing. See Fed. R. Crim. P. 32(b)(6)(D) (providing for objections to presentence reports for good cause at any time before sentencing); United States v. Archuleta, 128 F.3d 1446, 1452 n.12 (10th Cir. 1997) (considering an objection that the government did not raise until the sentencing hearing). In the future, it would be helpful if the district courts made rulings and findings based on timely objections to the presentence report. See Fed. R. Crim. P. 32(c)(1); United States Sentencing Commission, Guidelines Manual, § 6A1.3 (Nov. 1997).

application of the sentencing guidelines to the facts de novo. United States v. Roberts, 183 F.3d 1125, 1144 (10th Cir. 1999). Under 18 U.S.C. § 3146(b)(2), the district court is to impose the sentence for failure to appear consecutively to the sentence for the underlying offense: "A term of imprisonment imposed [for failure to appear] shall be consecutive to the sentence of imprisonment for any other offense." Id. When a defendant is convicted of both the failure to appear and the underlying offense, the failure to appear offense is treated as an obstruction of the underlying offense under U.S.S.G. § 3C1.1. Id. at § 2J1.6 comment. (n.3); United States v. Lacey, 969 F.2d 926, 930 (10th Cir. 1992), vacated on other grounds, 507 U.S. 901 (1993) (applying the sentencing guidelines to group the underlying offense and the failure to appear offense for sentencing).[2] According to the guidelines, the district court is to adjust the

---

[2] The grouping issue is the subject of a circuit split. Several of our sister circuits have grouped the failure to appear offense with the underlying offense for sentencing. United States v. Kirkham, 195 F.3d 126, 130-32 (2d Cir. 1999); United States v. Bell, 183 F.3d 746, 750 (8th Cir. 1999); United States v. Jernigan, 60 F.3d 562, 564 (9th Cir. 1995); United States v. Pardo, 25 F.3d 1187, 1193-94 (3d Cir. 1994); United States v. Flores, No. 93-3771, 1994 WL 163766, at *2-*3 (6th Cir. May 2, 1994) (unpublished); United States v. Agoro, 996 F.2d 1288, 1291 (1st Cir. 1993); United States v. Lechuga, 975 F.2d 397, 401 (7th Cir. 1992). See also United States v. Magluta, Nos. 98-4023, 98-4024, ___ F.3d. ___, ___, 2000 WL 192103, at *1 (11th Cir. Feb. 17, 2000) (remanding the case to the district court for it to apply § 2J1.6 comment. (n.3) as amended in 1998), vacating in part 198 F.3d 1265 (11th Cir. 1999). Other circuits–and sometimes different panels of the same courts–have found the sentencing guidelines in conflict with 18 U.S.C. § 3146(b)(2) and refused to group the failure to appear offense with the
(continued...)

offense level of the underlying offense upwards by two levels for obstruction of justice. Id. at § 3C1.1. The underlying offense and the failure to appear offense are then grouped pursuant to §§ 3D1.2(c), 3D1.2 comment. (n.5). Id. at §2J1.6 comment. (n.3); Lacey, 969 F.2d at 930.[3]

---

[2](...continued)
underlying offense for sentencing. United States v. Crow Dog, 149 F.3d 847, 849 (8th Cir. 1998); United States v. Stokes, No. 96-6440, 1998 WL 13409, at *4-*5 (6th Cir. Jan. 7, 1998) (unpublished), cert. denied, 523 U.S. 1112 (1999); United States v. Packer, 70 F.3d 357, at 360 (5th Cir. 1995). We adopt the view expressed by the first, second, third, and ninth circuits.

[3] Because 18 U.S.C. § 3146(b)(2) does not require the imposition of a sentence of imprisonment, the exception to the grouping rules in § 3D1.1(b) for statutes requiring consecutive sentences does not apply. Section 3D1.1(b) directs the district court not to group "any count for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment." The commentary, however, notes that

> [u]nless specifically instructed, subsection (b) does not apply when imposing a sentence under a statute that requires the imposition of a consecutive term of imprisonment only if a term of imprisonment is imposed ( i.e., the statute does not otherwise require a term of imprisonment to be imposed.)    See, e.g. , 18 U.S.C. § 3146 (penalty for failure to appear) . . . . Accordingly, the multiple count rules set out under this Part do apply to a count of conviction under this statute.

United States Sentencing Commission,     Guidelines Manual  , § 3D1.1 comment. (n.1) (Nov. 1998).
In 1998, Amendment 579 added this language to § 3D1.1 comment. (n.1). See U.S.S.G. Supplement to App. C, Amendment 579 (1998).        Ordinarily we apply the sentencing guidelines in effect at the time of sentencing, which in this case is the 1997 guidelines.     U.S.S.G. § 1B1.11(a);   United States v. Hicks   , 146 F.3d 1198, 1200 n.2 (10th Cir.),     cert. denied  , 119 S. Ct. 361 (1998). We may, however, apply clarifying amendments retroactively to help us understand an older version of the guidelines. U.S.S.G. § 1B1.11(b)(2);       United States v.
(continued...)

Once the offenses are grouped, the district court is to determine the offense level of the group, set the total punishment, and impose consecutive sentences within the total punishment. The group's offense level "is the offense level . . . for the most serious of the counts comprising the group, i.e., the highest offense level of the counts in the group." Id. at § 3D1.3(a). The total punishment is determined based on any applicable statutory minimums and the sentencing table in Chapter 5. Id. at §§ 3D1.5, 5G1.2. "[T]he combined sentence must be constructed to provide a 'total punishment' that satisfies the requirements both of § 5G1.2 . . . and 18 U.S.C. § 3146(b)(2) . . . ." Id. at § 2J1.6 comment. (n.3). The sentencing guidelines provide the following illustration:

> For example, where the combined applicable guideline range for both counts is 30-37 months and the court determines a "total punishment" of 36 months is appropriate, a sentence of thirty months for the

³(...continued)
Kissick , 69 F.3d 1048, 1052 (10th Cir. 1995). The following factors tend to show that an amendment is for clarification: it does not overrule existing precedent, it revises a commentary note rather than a guideline, and the authors characterized it as clarifying. Kissick , 69 F.3d at 1052. Because Amendment 579 did not overrule existing precedent in this circuit, merely changed the commentary, and was characterized by its authors as a clarifying amendment, we conclude that it was a clarifying amendment and may be applied retroactively. See U.S.S.G. Supplement to App. C, Amendment 579 (1998) ("The purpose of this amendment is to clarify how several guideline provisions, including those on grouping multiple counts of conviction, work together to ensure an incremental, consecutive penalty for a failure to appear count.") (emphasis added); Kirkham , 195 F.3d at 131-32 (finding that Amendment 579 was clarifying rather than substantive and applying it retroactively).

underlying offense plus a consecutive six months sentence for the failure to appear count would satisfy these requirements.

Id.

The sentencing guidelines direct the district court to construct a sentence that complies with both the guideline range and the statutory requirement of consecutive sentences: "Note that the combination of this instruction and increasing the offense level for the obstructive, failure to appear conduct has the effect of ensuring an incremental, consecutive punishment for the failure to appear count, as required by 18 U.S.C. § 3146(b)(2)." United States Sentencing Commission, Guidelines Manual, § 2J1.6 comment. (n.3) (Nov. 1998). [4]

The district court should have grouped Defendant's drug offense and her failure to appear offense for sentencing and imposed a total punishment with consecutive sentences. See Lacey, 969 F.2d at 930 ("[I]f a defendant is convicted of one of the listed obstruction offenses as well as an underlying offense, the counts should be grouped."). The offense level of the drug charge will most likely be higher than the offense level of the failure to appear charge. Therefore, the combined offense level will be the same as the offense level of the drug charge. The district court should then find the sentencing range for the combined

_____

[4] Amendment 579 added this sentence to § 2J1.6 comment. (n.3). See U.S.S.G. Supplement to App. C, Amendment 579 (1998). We may apply this clarifying amendment here. See supra note 3.

offense level and select a total punishment within that range. The sentences for Defendant's drug offense and her failure to appear offense are to run consecutively and add up to the total punishment.[5]

REMANDED for resentencing in accordance with this opinion.

---

[5] Defendant cross-appeals, arguing that the district court erred in enhancing her failure to appear sentence for obstruction of justice. After Defendant failed to appear in the drug offense, she was arrested by Missouri Highway Patrol officers and charged with possession of firearms and components to manufacture methamphetamine. She presented false identification under the name Jennifer Lee Anderson. The officers checked for outstanding warrants under that name but found none. Defendant was released on bond and fled. About one year later, U.S. marshals arrested Defendant at her father's house. The marshals found materials in Defendant's father's house under the name Jennifer Lee Anderson. At sentencing, the district court added 2 levels pursuant to U.S.S.G. § 3C1.1 for obstruction of justice by presenting false documents in an investigation and providing a materially false statement to a law enforcement officer.

We need not reach the issue of whether this enhancement was proper because it does not affect the combined offense level of the grouped offenses. The offense level for failure to appear is 13 without the enhancement and 15 with the enhancement. Either way, the offense level most likely will be less than the offense level for the drug offense, so the drug offense will determine the combined offense level. See also United States v. Sarna, 28 F.3d 657, 659 (7th Cir. 1994) (noting that the defendant's "activities while a fugitive, if they constitute aggravating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, constitute grounds for an upward departure from the applicable guideline range").

Nos. 99-3049 & 99-3062, UNITED STATES v. GIGLEY

**HENRY** , Circuit Judge, dissenting, in part.

The majority concludes that when a defendant is convicted of failure to appear in addition to the underlying offense, courts should group the two offenses pursuant to the Sentencing Guideline grouping rules. The grouping rules instruct the sentencing judge to determine the base offense level from the underlying offense and apply an upward adjustment based on the conviction for failure to appear. I respectfully dissent and align with our sister circuits that have held the two offenses should not be combined for sentencing. Like those circuits, I would so hold because 18 U.S.C. § 3146(b)(2) expressly requires any sentence imposed for failure to appear to run consecutive to any sentence imposed for the underlying offense. See United States v. Crow Dog , 149 F.3d 847, 849 (8th Cir. 1998); United States v. Stokes , No. 96-6440, 1998 WL 13409, at *4-*5 (6th Cir. Jan. 7, 1998) (unpublished), cert. denied , 523 U.S. 1112 (1998); United States v. Packer , 70 F.3d 357, 360 (5th Cir. 1995). [1]

---

[1] Admittedly, these cases were decided prior to Amendment 579 of the Sentencing Guidelines. Two of the cases cited by the majority in support of its holding, United States v. Magluta , Nos. 98-4023, 98-4024, 2000 WL 192103, at *1 (11th Cir. Feb. 17, 2000), and United States v. Kirkham , 195 F.3d 126, 130-32 (2d Cir. 1999) considered Amendment 579. However, as discussed hereinafter, it is my position that Amendment 579 does not change the analysis of the Fifth, Sixth and Eighth Circuits. Further, I do not believe United States v. Bell , 183 F.3d 746, 750 (8th Cir. 1999), also cited by the majority in support of its holding, disturbs the persuasive authority of Crow Dog . The Eighth Circuit decided Bell

(continued...)

As the majority points out, § 3146 provides, "[a] term of imprisonment imposed [for failure to appear] shall be consecutive to the sentence of imprisonment for any other offense." 18 U.S.C. § 3146(b)(2). The majority satisfies the consecutive sentence requirement of § 3146(b)(2) by following the guideline instructions in USSG §2J1.6, comment. (n.3) and §3D1.1(b), both of which were amended in 1998 by Amendment 579.      See USSG Supp. to App. C, amend. 579 (1998).

Commentary 3 to §2J1.6 instructs the sentencing judge to group the failure to appear conviction with the underlying conviction, pursuant to the guideline grouping rules, for one total punishment.      See USSG §2J1.6 comment. (n.3), §3D1.2(c). Under the guideline grouping rules, this requires using the higher base offense level of the two offenses, here, the underlying offense, and using the failure to appear offense as an upward adjustment for obstruction of justice.      See USSG §2J1.6 comment. (n.3), §3C1.1. The guideline commentary then instructs the sentencing judge to simply designate a portion of the total sentence as the consecutive sentence for the failure to appear offense.      See id. Amendment 579 added language to Commentary 3, "[n]ot[ing] that the combination of this instruction and increasing the offense level for the obstructive, failure to appear

[1](...continued)
after its decision in   Crow Dog  and the effective date of Amendment 579, but without mention of either.

conduct has the effect of ensuring an incremental, consecutive punishment for the failure to appear count, as required by 18 U.S.C. § 3146(b)(2)." USSG Supp. to App. C, amend. 579, at 9 (1998).

However, I am unconvinced that Commentary 3, even with the additional language, resolves the direct conflict between applying the guideline grouping rules to a conviction for failure to appear and the consecutive sentence requirement in 18 U.S.C. § 3146(b)(2). The intent behind § 3146(b)(2) is clear: "failure to appear for a court ordered proceeding is a serious crime and should be deterred by the imposition of a separate penalty through a consecutive sentence." Crow Dog, 149 F.3d at 849 (citing Packer, 70 F.3d at 360). Grouping the offenses to arrive at one total punishment, a portion of which is then merely referenced as a consecutive sentence for the failure to appear offense, is, in my mind, not imposing a separate penalty for the failure to appear offense. Downgrading the failure to appear offense into an upward adjustment for obstruction of justice — which will almost always result in a lesser sentence — cannot satisfy the consecutive sentence requirement in § 3146(b)(2) and is, therefore, not faithful to the congressional directive. See id. ("Contrary to the suggested treatment of a sentence in Commentary 3 to USSG §2J1.6, [§ 3146(b)(2)] does not suggest that a sentencing court might determine a total sentence for the underlying offense or offenses and the failure to appear and then

divide the sentence among the convictions."). Thus, § 3146(b)(2) and Commentary 3 to USSG §2J1.6 are inconsistent. Under such circumstances we are required to apply the former. See Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute . . . ."); see also Packer, 70 F.3d at 360 ("[I]f guideline commentary 2J1.6 n.3 conflicts with statutory section 3146 we must apply the latter.").

The majority also relies on the amended language of USSG §3D1.1(b). See Maj. Op., at n.3. Prior to Amendment 579, § 3D1.1(b) provided "[a]ny count for which the statute mandates imposition of a consecutive sentence is excluded from the operation of [the grouping rules of] §§ 2D1.2 - 3D1.15." USSG §3D1.1(b) (1997). Thus, the consecutive sentence requirement of § 3146(b)(2) excluded a failure to appear conviction from the guideline grouping rules, an approach consistent with the language of the statute. However, at that time, §3D1.1(b) was in conflict with Commentary 3 to §2J1.6, which instructed the sentencing judge to group the failure to appear conviction with the conviction for the underlying offense.

Consequently, in 1998, Amendment 579 altered the language of §3D1.1(b) to exclude from the grouping rules only those counts "for which the statute (1) specifies a term of imprisonment to be imposed; and (2) requires that such a term

-4-

of imprisonment be imposed to run consecutively to any other term of imprisonment." USSG Supp. to App. C, amend. 579, at 10 (1998). Because § 3146(b)(2) does not specify a term of imprisonment to be imposed, the guidelines no longer exempt a failure to appear conviction from the grouping rules. Thus, §3D1.1(b) is now consistent with the sentencing approach outlined in Commentary 3 to §2J1.6.

The majority's reliance on Amendment 579 is unpersuasive. As the Sentencing Commission concedes, this amendment merely remedies prior inconsistencies  within the guidelines  . See id. at 12. ("The amendment maintains the current grouping rules for failure to appear . . . , but addresses internal inconsistencies among different guidelines . . . ."). Despite the Sentencing Commission's characterization of the amendment as "ensur[ing] an incremental, consecutive penalty for the failure to appear count," it does nothing to remedy the inherent conflict, discussed above, between the consecutive sentence requirement of § 3146(b)(2) and the grouping approach outlined in Commentary 3 to USSG §2J1.6.

For the foregoing reasons, I would instruct the district court not to group the failure to appear with the underlying offense and instead impose separate, consecutive sentences.