UNITED STATES of America,
Appellee,

v.

Joseph PROVENZANO, and Edward Rolek, also known as Eric Rolek, also known as Eric, Defendants–Appellants,

Jeffrey Scannelli, Joseph Lapienski, Louis Gazzola, Janusz Jarosz, also known as "Yanos Jarose," Diane Botts, Mark Rolek and Dominic Testa, Defendants.

Nos. 00–1275, 00–1426.

United States Court of Appeals,
Second Circuit.

Jan. 8, 2001.

Jonathan I. Edelstein, Mineola, NY, for appellant.

Loretta E. Lynch, United States Attorney's Office, Eastern District of New York; Stephen C. King, Jo Ann Navickas, of counsel, New York, NY, for appellee.

Present McLAUGHLIN, SACK, Circuit Judges, CHATIGNY,* District Judge.

* United States District Judge for the District of     Connecticut, sitting by designation.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Joseph Provenzano and Edward Rolek appeal from judgments entered on March 31, 2000 and May 19, 2000, respectively, by the United States District Court for the Eastern District of New York (Mishler, *Judge.*) Both appellants challenge the district court's calculation of their sentences under the federal Sentencing Guidelines, though each bases his appeal on different grounds.

Provenzano's sentence stems from his role in two separate criminal enterprises and from his conduct during their investigation and prosecution. The first such enterprise, which encompassed counts 1–10 of the indictment under which Provenzano was ultimately charged, consisted of a scheme to purchase, transport, and sell stolen trucks and truck parts for use in businesses throughout Long Island, New York. Provenzano operated the "chop shop" that served as the hub of the scheme and supervised all aspects of the criminal activities occurring there.

The second enterprise, comprising counts 11–13 of Provenzano's indictment, involved the making of illegal cash payments by Michael Cholowsky, the owner of a Long Island hauling company, to government officials as part of an extortion scheme designed to secure for Provenzano and others preferential access to a landfill in Brookhaven, New York.

Provenzano was also charged under counts 14–17 of his indictment and convicted for his attempts, both before and after his involvement in the "chop shop" and extortion enterprises, to destroy material

evidence and to convince witnesses to perjure themselves on his behalf. Each of these attempts represented an effort to impede the federal investigation and prosecution of the underlying offenses.

Rolek was convicted and sentenced for his involvement in the "chop shop" enterprise. As one of Provenzano's employees, Rolek received, helped to dismantle, and altered the vehicle identification numbers of stolen trucks under Provenzano's direction.

### A. Provenzano's Challenge to § 3C1.1 Enhancement

On appeal, Provenzano first challenges the district court's decision to enhance his base offense level pursuant to § 3C1.1 of the federal Sentencing Guidelines, which provides for a two-level increase

> [i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense. . . .

United States Sentencing Commission, *Guidelines Manual,* § 3C1.1 (Nov. 1998). Provenzano argues that the district court's application of this provision constituted impermissible double counting of his criminal activity, since he had already been charged with and convicted of the very conduct—destruction of evidence and witness tampering—that formed the basis of the "obstruction of justice" enhancement. In support of this contention, Provenzano emphasizes Application Note 7 to § 3C1.1,[1] which states that

---

1. In his brief, Provenzano refers to the identi-

cally worded Application Note 6 contained in

[i]f the defendant is convicted of an offense covered by § 2J1.1 (Contempt), § 2J1.2 (Obstruction of Justice), § 2J1.3 (Perjury or Subornation of Perjury; Bribery of Witness), § 2J1.5 (Failure to Appeal by Material Witness), § 2J1.6 (Failure to Appear by Defendant), § 2J1.9 (Payment to Witness), 2X3.1 (Accessory After the Fact), or 2X4.1 (Misprision of Felony), this adjustment is not to be applied to the offense level for that offense except [in circumstances not relevant here].

U.S.S.G. § 3C1.1, comment. (n.7). Because he was convicted under counts 14–17 of his indictment, all of which are covered by § 2J1.2, Provenzano argues, he should have been exempt from the § 3C1.1 enhancement.

■ On our *de novo* review of the district court's application of the guidelines, *see United States v. Smith*, 215 F.3d 237, 239 (2d Cir.2000), we find this argument to be without merit and Provenzano's reliance on Application Note 7 to be misplaced. As the government correctly notes, for these purposes Provanzano's sentence is governed by Application Note 8 to § 3C1.1, which applies when a defendant is convicted of *both* an obstruction offense and the underlying offense:

> If the defendant is convicted of both an obstruction offense (e.g. 18 U.S.C. § 3146 (Penalty for failure to appear); 18 U.S.C. § 1621 (Perjury generally)) and an underlying offense (the offense with respect to which the obstructive conduct occurred), the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2 (Groups of Closely Related Counts). The offense level for that group of closely related

counts will be the offense level for the underlying offense increased by the 2–level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater.

U.S.S.G. 3C1.1, comment. (n.8).

Here, Provenzano pleaded guilty both to obstruction offenses (counts 14–17) and to the underlying offenses (counts 1–13) "with respect to which the obstructive conduct occurred." *Id.* Therefore, Application Note 8, rather than Application Note 7, to § 3C1.1 applies to his sentence. *See United States v. Gigley*, 213 F.3d 503, 505–506 (10th Cir.2000) ("When a defendant is convicted of both [an obstruction offense] and the underlying offense, the [obstruction offense] is . . . grouped [with the underlying offense and] . . . the offense level of the underlying offense is . . . adjust[ed] upwards by two levels for obstruction of justice."); *United States v. Bell*, 183 F.3d 746, 749 750 (8th Cir.1999).

Provenzano's Presentence Report, the calculations in which were expressly adopted by the district court, indicate that the court correctly applied § 3C1.1 in accordance with the instruction of Application Note 8. This conclusion is also supported by a review of the transcript of Provenzano's sentencing hearing. In response to questioning by the court, a representative of the Probation Department explained that with respect to the obstruction charges, "we incorporated them in the chop shop scheme and the extortion scheme and the what we did was we grouped them with those respective counts. So those counts in essence were incorporated with—other counts by relevant conduct." The district court then promptly rejected Provenzano's challenge

---

the 1997 Sentencing Guidelines Manual. His conviction is governed by the 1998 Guidelines, however, *see* U.S.S.G. § 1B1.11, and we

therefore refer to the corresponding commentary in the more recent manual.

to the § 3C1.1 enhancement and adopted the Probation Department's recommendation.

Because the district court properly applied § 3C1.1, we reject Provenzano's contention that his obstructive conduct was "double counted" in the calculation of his sentence. Rather, that conduct was counted only once: in the determination of the base offense level for the underlying charges with which the counts reflecting that obstructive conduct were grouped. *See United States v. Herr*, 202 F.3d 1014, 1018 (8th Cir.2000).

We therefore conclude that the district court did not err by enhancing Provenzano's base offense level under § 3C1.1.

### B. *Provenzano's Challenge to § 3B1.1 Enhancement*

Provenzano also challenges the district court's application to his base offense level of § 3B1.1(a), which mandates a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Although Provenzano does not dispute that he was the leader of the chop shop scheme, he contends that the district court erred in also finding him to be an "organizer or leader" of the landfill extortion enterprise.

"A district court's finding under § 3B1.1 regarding a defendant's role in a criminal activity is a factual determination that will not be overturned unless clearly erroneous." *United States v. Garcia*, 936 F.2d 648, 656 (2d Cir.1991). Application Note 4 to § 3B1.1 directs courts to consider a number of factors in determining a defendant's role in a criminal enterprise, including:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruit-ment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). Invoking these factors, Provenzano claims that he was not an organizer or leader in the extortion scheme because he was only a collateral beneficiary of the conspiracy, served primarily as a "middleman" between Cholowsky and the recipients of the extortion payments, and played an equal rather than a dominant role in the planning of the crime. As support for these assertions, Provenzano emphasizes evidence suggesting that he merely "relaye[d] messages" between other parties in the scheme and notes that other conspirators referred to him as a "part of the team."

■ We conclude, however, that the district court had ample foundation to find that Provenzano was an "organizer or leader" of the extortion scheme. Testimony at the trial of the landfill enterprise established that Provenzano introduced the parties to one another and coordinated the criminal relationship between them, and that he arranged the details of the extortion payments and actively ensured that they would continue. In addition, the testimony provided a strong basis for concluding that although Provenzano did not receive any cash payments under the scheme, he did obtain substantial benefits from the arrangement in the form of gratuities from Cholowsky's company and access to the landfill worth at least $30,000. We also note that in the course of his plea colloquy, Provenzano twice stated that he "directed [Cholowsky] to make cash payments to" government officials.

In these circumstances, we conclude that the district court's decision to apply an aggravating role enhancement was not clearly erroneous.

### C. Rolek's Challenge to the Denial of § 3E1.1(b)(2) Reduction

Edward Rolek challenges his sentence on a single ground: that the district court should have granted him an additional one-level reduction in his base offense level for "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2).

We need not address the merits of Rolek's challenge, however, because Rolek waived his right to appeal his sentence as part of his plea agreement. Paragraph 4 of that agreement stipulated that "[t]he defendant will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence of 24 months or less. This waiver is binding on the defendant even if the Court employs a Guidelines analysis different from" that contemplated by the plea.

Rolek was in fact sentenced to 12 months and one day, and the waiver therefore governs. "In no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntary waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido–Contreras*, 990 F.2d 51, 53 (2d Cir.1993); *see United States v. Rivera*, 971 F.2d 876, 896 (2d Cir.1992) (holding that a waiver of right to appeal contained in a plea agreement is enforceable).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.