**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark Allen WINGO, Defendant–
Appellant.**

**No. 01–5018.**

United States Court of Appeals,
Tenth Circuit.

April 25, 2002.

Before KELLY, HOLLOWAY, and BRISCOE, Circuit Judges.

### ORDER AND JUDGMENT [*]

PAUL KELLY, Jr., Circuit Judge.

Defendant–Appellant Mark Allen Wingo appeals from the denial of his 28 U.S.C.

§ 2255 motion. We granted a COA on two issues: (1) Whether a sentencing court can apply a multi-count sentencing enhancement pursuant to U.S.S.G. § 3D1.4 when the defendant has been convicted on two counts, one of which is for a pretrial escape from federal custody; and (2) Assuming a multi-count sentencing enhancement in such a case is improper, has a habeas petitioner proven that his counsel was ineffective under the standards announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by demonstrating that his counsel did not object to the presentence report that recommended application of the multi-count sentencing enhancement? We reverse and remand for resentencing.

### *Background*

In July of 1999, Mr. Wingo's supervised release was revoked in a matter unrelated to this case, and he was sent to the Federal Correction Institution Camp in El Reno, Oklahoma ("El Reno") to serve his sentence. While at El Reno, Mr. Wingo was charged in a one-count indictment with uttering a forged security of an organization in violation of 18 U.S.C. § 513(a). Thereafter, Mr. Wingo was found missing from El Reno. He was then named in a one-count information for escaping from custody in violation of 18 U.S.C. § 751(a). He entered a plea of guilty to both offenses; and, without objection, the district court sentenced him to 40–month imprisonment, with three years supervised release, for each of the offenses. The two terms of imprisonment were to run concurrently but consecutively to the initial sen-

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

tence in which his supervised release had been revoked. Mr. Wingo did not appeal from the final judgment, but filed a § 2255 motion to vacate his sentence asserting that his counsel was ineffective at sentencing.

In determining Mr. Wingo's 40–month sentences, in accordance with the recommendations set forth in the presentence report ("PSR"), the district court found that the total offense level was 13, the criminal history category was VI, and the guideline range for imprisonment was 33 to 41 months. According to the PSR, the offense level of 13 was arrived at by:

Count 1: Uttering a Forged Security in violation of 18 U.S.C. § 513(a)

| | |
|---|---:|
| The base offense level under U.S.S.G. § 2F1.1 is: | 6 |
| Because the intended loss was in excess of $40,000 but less than $70,000, the offense level is increased pursuant to U.S.S.G. § 2F1.1(b)(1)(F) by: | +5 |
| Adjusted Offense Level (Subtotal): | 11 |

Count 2: Escape from Custody in violation of 18 U.S.C. § 751(a)

| | |
|---|---:|
| The base offense level under U.S.S.G. § 2P1.1 is: | 13 |
| Adjusted Offense Level (Subtotal): | 13 |
| Greater Adjusted Offense Level: | 13 |

Multi–Count Adjustment (See section U.S.S.G. § 3D1.4)

| | |
|---|---:|
| Adjusted Offense Level for Count One is 11: | 1 |
| Adjusted Offense Level for Count Two is 13: | 1 |
| Total Number of Units: | +2 |
| Combined Adjusted Offense Level: | 15 |
| Adjustment for Acceptance of Responsibility: | -2 |
| **Total Offense Level:** | **13** |

*See* PSR at 7–9.

### Discussion

The two issues we granted a COA on are: (1) Whether the multi-count adjustment pursuant to U.S.S.G. § 3D1.4 of two levels was in error; and (2) If it was in error, whether Mr. Wingo proved that his counsel was ineffective by failing to object to the PSR. When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error. *United States v. Pearce,* 146 F.3d 771, 774 (10th Cir.1998).

Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Strickland,* 466 U.S. at 698, 104 S.Ct. 2052. To show counsel was constitutionally ineffective, Mr. Wingo must demonstrate that counsel was both deficient and that counsel's deficient performance prejudiced the defense. *Id.* at 697, 104 S.Ct. 2052. The government does not argue that Mr. Wingo is procedurally barred on either issue for failure to take a direct appeal; on the first issue, we choose to address the merits, *see United States v. Allen,* 16 F.3d 377, 379 (10th Cir.1994), and

the second issue is properly brought in a collateral proceeding, *see United States v. Galloway,* 56 F.3d 1239, 1241 (10th Cir. 1995).

■ As to issue one, the parties are now in agreement that the sentencing court erred by adding two points to Mr. Wingo's offense level based on a multi-count adjustment under U.S.S.G. § 3D1.4. Section 3D1.4, which adds an increase in the offense level to result in a combined offense level in multi-count situations, does not apply to a single group of closely related counts pursuant to U.S.S.G. § 3D1.2(c). Because Mr. Wingo's obstructive conduct, escape, *see* U.S.S.G. § 3C1.1 (n.4(e)) (Nov. 1998), occurred in reference to the underlying offense, uttering a forged security, his offense level is determined as follows:

If the defendant is convicted both of an obstruction offense and an underlying offense, the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2 (Groups of Closely Related Counts). The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2 level adjustment specified by this section, or, the offense level for the obstruction offense, whichever is greater.

U.S.S.G. § 3C1.1 (n.8) (Nov.1998). We have followed this course in other decisions involving obstructive conduct. *United States v. Gigley,* 213 F.3d 503, 505 (10th Cir.2000); *United States v. Lacey,* 969 F.2d 926, 930 (10th Cir.1992), *vacated on other grounds,* 507 U.S. 901, 113 S.Ct. 1233, 122 L.Ed.2d 640 (1993); *see also United States v. Hankins,* 931 F.2d 1256, 1265 (8th Cir.1991).

■ As to issue two concerning ineffective assistance of counsel, initially the government contended that, even assuming deficient performance, Mr. Wingo could not show prejudice because his offense level would remain the same. Aplee. Br. at 7. The parties now agree that the error resulted in an offense level of 13 rather than 11. The PSR should have calculated the offense level as follows:

Count 1: Uttering a Forged Security in violation of 18 U.S.C. § 513(a)

| | |
|---|---|
| The base offense level under U.S.S.G. § 2F1.1 is: | 6 |
| Because the intended loss was in excess of $40,000 but less than $70,000, the offense level is increased pursuant to U.S.S.G. § 2F1.1(b)(1)(F) by: | +5 |
| Obstruction of justice increase pursuant to U.S.S.G. § 3C1.1: | +2 |
| Adjusted Offense Level (Subtotal): | 13 |

Count 2: Escape from Custody in violation of 18 U.S.C. § 751(a)

| | |
|---|---|
| The base offense level under U.S.S.G. § 2P1.1 is: | 13 |
| Adjusted Offense Level (Subtotal): | 13 |
| Greater Adjusted Offense Level: | 13 |
| Adjustment for Acceptance of Responsibility: | -2 |
| **Total Offense Level:** | **11** |

An offense level of 11 with a criminal history category of VI results in a guideline range of 27 to 33 months. Mr. Wingo was sentenced to two 40–month sentences

to run concurrently rather than two 33–month sentences. In light of the government's concessions in this case and the 7 to 13 month difference, we find prejudice. *See Glover v. United States,* 531 U.S. 198, 203–04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (finding that the amount of actual jail time does not have to be significant to constitute prejudice under *Strickland*). We believe that Mr. Wingo is entitled to relief on his ineffective assistance claim.

REVERSED and REMANDED for re-sentencing.