United States Court of Appeals,

Fifth Circuit.

No. 95-20371

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Alex SALAZAR, Defendant-Appellant.

Nov. 21, 1995.

Appeals from the United States District Court for the Southern District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendant Alex Salazar appeals his sentence for forging immigration documents. Finding no error, we affirm.

I.

The Immigration and Naturalization Service ("INS") received a tip that Salazar was making and selling fraudulent immigration documents. INS agents then monitored several meetings between Salazar and government informers, including two meetings during which defendant sold fraudulent I-94 forms[1] to the informers. The agents later searched Salazar's home and office, seizing 508 blank I-94's, a date stamp, and a rubber stamp marked "PROCESSED FOR I-551, TEMPORARY EVIDENCE OF LAWFUL PERMANENT RESIDENCE."

Salazar was indicted on two counts of knowingly forging an immigration document, in violation of 18 U.S.C. § 1546(a), and one count of knowingly possessing a document-making implement with intent to use it in making a false immigration form, in violation of 18 U.S.C. § 1028(a)(5). He pleaded guilty to one count of knowingly forging an immigration document; the remaining counts were dismissed, pursuant to a plea agreement.

---

[1] An I-94 form is an alien arrival and departure record that is stamped by an immigration inspector with the appropriate visa classification; when an individual is approved for permanent resident alien status, his I-94 is stamped as a temporary I-551.

The probation officer calculated an offense level of 13: a base offense level of 9, U.S.S.G. § 2L2.1(a) (1994); an upward adjustment of 6 because the offense involved more than 100 documents, U.S.S.G. § 2L2.1(b)(2); and a 2-point reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a). The probation officer further found that with a criminal history category of I, Salazar's guideline range was 12-18 months' imprisonment. The district court adopted the findings of the presentence report and sentenced Salazar to twelve months' imprisonment, two years' supervised release, a fine of $1,000, and a special assessment of $50.

## II.

Salazar contends that the district court erred in imposing the six-level increase for an offense involving 100 or more documents. The sentencing guidelines require the district court to increase the base offense level "[i]f the offense involved six or more sets of documents or passports." U.S.S.G. § 2L2.1(b)(2). Salazar argues that only a completed I-94, "complete with photographs of the aliens and stamped "Temporary I-551,' " constitutes a "set," and the district court therefore erred in considering the 508 blank I-94's to be "sets" of documents. In support of this argument, Salazar observes that possession of blank I-94's is lawful, and government bookstores sell them to the public.

The government responds that the blank forms count as sets of documents involved in the offense, because Salazar was in the business of selling fraudulent I-94's and intended to falsify them. The government further argues that each blank form constitutes a "set of documents."[2]

We review the district court's application of the guidelines *de novo* and defer to its findings of fact unless they are clear error. *United States v. Sneed,* 63 F.3d 381, 389 (5th Cir.1995). The district court observed at the sentencing hearing that "the operative word here is "involved.' " Salazar's offense involved stamping blank forms, and he had 508 blank forms and a stamp. The district court further found that this is not a case in which the defendant intended to falsify a few I-94's and "just happened to have [extra blank forms] in a desk drawer." Instead, the court found

---

[2]This argument is irrelevant, as Salazar concedes that a single document can comprise a set for purposes of the guidelines. In fact, Salazar argues that "[a] "set' would require *a* completed document for an individual *or a group* of completed documents for an individual" (emphasis added). Salazar's counsel also conceded during the sentencing hearing that his argument is not based upon the number of documents necessary to comprise a set.

Salazar was in the business of selling fraudulent I-94's for profit and intended to falsify "as many [I-94's] as he had customers to come up with."

We agree with the district court's analysis. Salazar is correct that his crime is falsifying I-94's, not possession of blank forms. The guidelines punish that offense based upon the number of documents involved, however, not upon the number of documents completed. Defendant relies heavily on *United States v. Martinez-Cano,* 6 F.3d 1400 (9th Cir.1993), for the notion that the definition of "sets" is ambiguous. In *Martinez-Cano,* however, the court assumed that blank documents qualified as documents involved in the underlying offense. *See id.* at 1401, 1403 (increase in sentence for manufacturing false documents based in part upon possession of sixteen social security cards, only six of which were completed). Like the Ninth Circuit, we see no reason to distinguish between completed and uncompleted documents.

It is arguable that if this were a case in which a defendant bought a package of 100 blank forms for the purpose of making only one fraudulent I-94, then the extra blanks would not be involved in the offense, because the defendant had no intention of using the extras in his criminal activities. As the district court found, however, this is not such a case. Salazar did not purchase one packet of 100; instead, he bought more than five such packets, along with the equipment necessary to complete the I-94's, and readily sold "as many as he had customers."

Finally, Salazar contends that because the term "sets of documents" is vague, the rule of lenity requires us to interpret the guidelines in his favor. While there appears to be some disagreement about the meaning of the term "sets," that disagreement is not at issue in this case. *See supra* note 2. As we have no difficulty interpreting the term "documents involved," the rule of lenity is of no benefit to Salazar.

The judgment of sentence is AFFIRMED.