United States Court of Appeals
 For the First Circuit
 

No. 98-1027

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ASSENATI VIERA,

 Defendant, Appellant.

 

No. 98-1028

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 SEBASTIAO DE SOUZA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. George A. O'Toole, Jr., U.S. District Judge]

 

 Before

 Selya, Circuit Judge,

 Campbell, Senior Circuit Judge,

 and Lynch, Circuit Judge.

 

 Arnold P. Cohen on brief for appellants.
Donald K. Stern, U.S. Attorney, and Nadine Pellegrini,
Assistant U.S. Attorney, on brief for appellee. 

 

 June 25, 1998
 

Per Curiam. Assenati Viera and Sebastiao de Souza appeal
from sentences imposed following guilty pleas to six counts related
to a conspiracy to produce and sell false Social Security and
"green" cards. They admitted to completing the cards with
photographs, seals, numbers, names and signatures, and to selling
them. Their sole argument on appeal is that the district court
erred in increasing their base offense level by six levels under
U.S.S.G. 2L2.1(b)(2)(C) (1995). That increase was based on a
finding that the offenses to which they pled guilty "involved" one
hundred or more documents, within the meaning of the guidelines. 
Defendants maintain that the evidence did not support a finding
that one hundred or more counterfeit documents were actually
produced during the conspiracy. But "involved" does not mean
"produced." Nor are the standards of what needs to be proved for
conviction the same as those which may be considered for
sentencing. We affirm.
Section 2L2.1 of the Guidelines is titled in relevant
part: "Trafficking in a Document Relating to Naturalization,
Citizenship, or Legal Resident Status." It provides in relevant
part:
(2) If the offense involved six or more
documents or passports, increase as follows:

 Number of 
 Documents/Passports Increase in Level

(A) 6-24 add 2
(B) 25-99 add 4
(C) 100 or more add 6.
U.S.S.G. 2L2.1(b)(2) (1995). Defendants argue that federal
agents obtained only six or seven completed counterfeit documents
during their investigation, and that only a two level increase
should have been imposed. We reject the notion that the term
"involved" refers only to completed documents. Rather, applying a
more ordinary definition, we read "involved" as referring to items
"draw[n] in," "implicated" or "entangled." Webster's Third New
International Dictionary 1993 at 1191. 
Here, there was evidence that defendants had produced and
trafficked, or intended to produce and traffic, hundreds of
counterfeit documents. Analysis of typewriter ribbons seized from
defendants' apartment showed the imprint of over 400 names and
Social Security numbers. In addition, over 600 blank Social
Security cards were seized from a third co-conspirator's apartment. 
The district court properly considered this evidence in its
determination of how many documents were "involved" in defendants'
counterfeiting scheme. See United States v. Salazar, 70 F.3d 351,
352 (5th Cir. 1995) (blank documents with which defendant intended
to make forgeries were "involved" in crime for sentencing purposes
under U.S.S.G. 2L2.1(b)(2)). Like the Fifth Circuit, for
sentencing purposes, "[w]e see no reason to distinguish between
completed and uncompleted documents," Salazar, 70 F.3d at 352,
when determining whether documents are "involved" in a crime.
At sentencing, the government need only prove facts by a
preponderance of the evidence. See United States v. Jackson, 3
F.3d 506, 509 (1st Cir. 1993). This court will set aside a factual
finding of the district court only for clear error. Id. at 508. 
Given the evidence, it was not clear error for the district court
to find that the offenses to which defendants pled guilty more
likely than not "involved" 100 or more documents under U.S.S.G. 
2L2.1(b)(2). 
Each defendant's sentence is affirmed.