UNITED STATES of America, Plaintiff-Appellee,

v.

Salvador MAGLUTA, Defendant-Appellant.

Nos. 98-4023, 98-4024.

United States Court of Appeals,

Eleventh Circuit.

Feb. 17, 2000.

Appeals from the United States District Court for the Southern District of Florida (Nos. 96-00341-CR-JAL, 97-00102-CR-JAL); Joan A. Lenard, Judge.

ON PETITION FOR REHEARING

Before BIRCH and CARNES, Circuit Judges, and MILLS*, Senior District Judge.

RICHARD MILLS, Senior District Judge:

Magluta was convicted and sentenced for illegally possessing various false identification documents—18 U.S.C. § 1028, § 1425, § 1542, 1546, and 42 U.S.C. § 408—and for failure to appear in violation of 18 U.S.C. § 3146. Magluta appealed his conviction in the false identification case, and the sentences received in both cases.

We previously affirmed the conviction in the false identification case, but remanded for re-sentencing in both cases. *See United States v. Magluta,* 198 F.3d 1265, (11th Cir.1999). Before the opinion was issued, Magluta moved to withdraw all issues relating to the sentence he received in the false identification case, rendering portions of our opinion moot. The court allowed Magluta to withdraw the issues. Based on that ground, the government now moves for rehearing in order for the Court to vacate the portions of the opinion which relate to the discussion of the withdrawn issues.

The government's petition is granted. The Court vacates section IV. B (pages 1033 - 1040 of the slip opinion) of its previous opinion in this case.

---

*Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting by designation.

Magluta also petitions for rehearing and/or clarification with regard to this Court's review of the district court's application of U.S.S.G. § 2J1.6. He requests that the Court review the district court's application under the *de novo* review and not the more exacting "plain error" review. Alternatively, he requests a clarification that he be allowed to argue on remand the subsequent amendment to the Sentencing Guidelines, Amendment 579, that clarifies the application of § 2J1.6.

To the extent Magluta seeks a *de novo* review of the district court's application of § 2J1.6, the petition is denied. However, since the applicable sentencing guideline has been amended to clarify the issue after the district court imposed sentence, the district court is directed to follow the amended application note. To that extent, Magluta's petition for clarification is granted.

The case is REMANDED to the district court for further proceedings consistent with this opinion.