PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/17/2000
THOMAS K. KAHN
CLERK

_____

Nos. 98-4023 and 98-4024

_____

D. C. Docket Nos. 96-00341-CR-JAL
& 97-00102-CR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR MAGLUTA,

Defendant-Appellant.

-------------------------------------------------
Appeals from the United States District Court
for the Southern District of Florida
-------------------------------------------------

**(February 17, 2000)**

ON PETITION FOR REHEARING

Before BIRCH and CARNES, Circuit Judges, and MILLS[*], Senior District Judge.

RICHARD MILLS, Senior District Judge:

_____

[*]Honorable Richard Mills, Senior U. S. District Judge for the Central District of Illinois, sitting by designation.

Magluta was convicted and sentenced for illegally possessing various false identification documents--18 U.S.C. § 1028, § 1425, § 1542, 1546, and 42 U.S.C. § 408--and for failure to appear in violation of 18 U.S.C. § 3146. Magluta appealed his conviction in the false identification case, and the sentences received in both cases.

We previously affirmed the conviction in the false identification case, but remanded for re-sentencing in both cases. See United States v. Magluta, 198 F.3d 1265, (11th Cir. 1999). Before the opinion was issued, Magluta moved to withdraw all issues relating to the sentence he received in the false identification case, rendering portions of our opinion moot. The court allowed Magluta to withdraw the issues. Based on that ground, the government now moves for rehearing in order for the Court to vacate the portions of the opinion which relate to the discussion of the withdrawn issues.

The government's petition is granted. The Court vacates section IV. B (pages 13-31 of the slip opinion) of its previous opinion in this case.

Magluta also petitions for rehearing and/or clarification with regard to this Court's review of the district court's application of U.S.S.G. § 2J1.6. He requests that the Court review the district court's application under the *de novo* review and not the more exacting "plain error" review. Alternatively, he requests a clarification that he

be allowed to argue on remand the subsequent amendment to the Sentencing Guidelines, Amendment 579, that clarifies the application of § 2J1.6.

To the extent Magluta seeks a *de novo* review of the district court's application of §2J1.6, the petition is denied. However, since the applicable sentencing guideline has been amended to clarify the issue after the district court imposed sentence, the district court is directed to follow the amended application note. To that extent, Magluta's petition for clarification is granted.

The case is REMANDED to the district court for further proceedings consistent with this opinion.