**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nadeem MAHMOOD, Defendant–
Appellant.**

**No. 00–3338.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 14, 2001.

Decided Dec. 20, 2001.

---

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

**ORDER**

A jury found Nadeem Mahmood guilty on one count of conspiring to obtain social security cards fraudulently and to possess and use counterfeit visas, 18 U.S.C. §§ 371, 1546(a); 42 U.S.C. § 408(a)(6), and on five counts of possessing and using counterfeit visas, 18 U.S.C. 1546(a). The district court sentenced Mahmood to concurrent 38–month terms of imprisonment. Mahmood has filed a notice of appeal, but his counsel seeks leave to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that all possible grounds for appeal are frivolous. Pursuant to Circuit Rule 51(b), Mahmood filed a response to counsel's motion to withdraw. Counsel's *Anders* brief is facially adequate, so we limit our review of the record to issues discussed in counsel's brief and in Mahmood's response. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Counsel first considers whether Mahmood could argue that there was insufficient evidence to support his convictions for possessing and using counterfeit visas in violation of 18 U.S.C. § 1546(a). In relevant part, § 1546(a) criminalizes the knowing possession or use of counterfeit immigration documents, including visas or any "other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States." 18 U.S.C. § 1546(a). Counsel questions whether Mahmood might argue that § 1546(a) is inapplicable to his conduct because he used counterfeit

visas merely to obtain social security cards fraudulently rather than to facilitate his own or another's entry into the United States. It is not necessary, however, to use counterfeit visas to enter the United States in order to violate 18 U.S.C. § 1546(a). Section 1546(a) applies to the production and sale of fraudulent immigration documents, *see United States v. Salazar*, 70 F.3d 351, 351–52 (5th Cir.1995), as well as to the simple possession of fraudulent immigration documents, *see United States v. Magluta*, 198 F.3d 1265, 1269 (11th Cir.1999). Furthermore, although Mahmood did not use the visas to help individuals enter the country, he did use them as "evidence of authorized stay in the United States" for the purpose of obtaining social security numbers for illegal aliens. We agree with counsel that an appeal on this issue would be frivolous.

Counsel next considers whether Mahmood could argue that the district court erred in relying on U.S.S.G. § 2L2.1 for purposes of his sentence rather than on former U.S.S.G. § 2F1.1. Section 2L2.1 applies to offenses related to trafficking in immigration documents, while § 2F1.1 applies to offenses involving fraud. Counsel questions whether § 2L2.1 is the appropriate guideline for Mahmood's offense because he used the counterfeit visas to obtain social security cards fraudulently and not, he says, to assist others in altering their immigration status. In sentencing Mahmood, the district court relied upon the statutory index to the sentencing guidelines, as the guidelines manual requires. *See* U.S.S.G. § 1B1.2(a). The statutory index specifies § 2L2.1, not 2F1.1, as the applicable guideline for a conviction under § 1546(a). Section 2L2.1 is the most applicable guideline to offenses involving the use of counterfeit identification documents to violate laws relating to

**572**

citizenship or legal resident status. *See United States v. Kuku,* 129 F.3d 1435, 1440 (11th Cir.1997) (section 2L2.1 is the guideline applicable to an offense involving the production and sale of fraudulent social security cards to illegal aliens); *United States v. Velez,* 113 F.3d 1035, 1038 (9th Cir.1997) (section 2L2.1 is the guideline applicable to an offense involving the filing of false INS applications and documents on behalf of illegal aliens). We agree with counsel that an appeal on this issue would also be fruitless.

■ Mahmood's Rule 51(b) response to counsel's *Anders* brief proposes an additional issue for appeal. The district court adjusted Mahmood's offense level upward by three levels under § 2L2.1(2)(A) of the sentencing guidelines because his offense involved more than six visas. Mahmood asserts that he could challenge this upward adjustment because he was actually convicted of possessing only five counterfeit visas. At trial, the government presented evidence that Mahmood had obtained at least 15 social security cards using false visa numbers. It was appropriate for the sentencing court to consider all the documents involved in Mahmood's offense when calculating his offense level even though Mahmood was not convicted of possessing all of the documents. *See United States v. Viera,* 149 F.3d 7, 8–9 (1st Cir.1998); *United States v. Marquez,* 48 F.3d 243, 246–47 (7th Cir.1995). We conclude that an appeal on this issue would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.