[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13881

_____

D. C. Docket No. 05-00029-CR-1-MP-AK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK J. SPANGLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 19, 2007)**

Before BARKETT, KRAVITCH, and STAHL,[*] Circuit Judges

BARKETT, Circuit Judge:

_____

[*] Honorable Norman H. Stahl, United States Circuit Judge for First Circuit, sitting by designation.

Mark J. Spangler pled guilty to four counts of tax fraud in violation of 26 U.S.C. § 7206(1) and agreed to make restitution to the IRS "for the tax years 1999, 2000, 2001 and 2002 in an amount to be determined by the court." In sentencing, the district court found that Spangler owed $396,544 in unpaid taxes to be paid to the Internal Revenue Service (IRS), and further sentenced him to 20 months of incarceration followed by four <u>consecutive</u> one-year terms of supervised release.

Spangler owned a nightclub and prior to his sentencing sold the stock of the club and the liquor license to his father, James Spangler, for $135,000, giving Spangler a promissory note for this amount to be paid in installments of $1300. The court thought that this transfer was fraudulently undertaken so as to avoid liability, but noted that it could not officially avoid the transaction because doing so would affect Spangler's father's rights.

However, the district court ordered that the note be transferred to the government so that the payments of $1300 would be credited towards the amount of restitution. Spangler challenges his sentence on three bases; he argues that the district court (1) lacked the power to transfer his interest in the note to the government; (2) improperly calculated the overall loss amount; and (3) erroneously imposed consecutive, instead of concurrent, terms of supervised release. We address each of these contentions in turn.

First, Spangler contends that the district court had no authority to reach his assets.

However, in this case, Spangler concedes the IRS's ability to use the restitution order as the basis for creating liens against Spangler's property or to effect any other statutorily provided remedy to collect on the restitution order. <u>See</u> 18 U.S.C. § 3613(f); 18 U.S.C. § 3664(m)(1)(A)(i-ii). Because the government could properly use any of these methods in order to capture essentially the exact same quantity of money that the court's order demands, and because Spangler failed to object specifically[2] to the restitution order below, we find the court's error to be harmless.

Second, we find no merit to Spangler's argument that the district court erred by adopting the government's tax loss calculations and discounting his expert's testimony as to the proper loss amount. The court expressly found that it did not trust any of the financial figures Spangler provided to his experts and therefore rejected them. We simply cannot second guess the trial court's credibility determinations in order to find that the trial court clearly erred in trusting the government's figures over Spangler's.

---

[2] At oral argument, Spangler referred us to the record (DE #72, pg. 9), where he claims that he properly preserved the objection. However, there Spangler objected to the court's power to avoid the sale as a sham transaction, not to the court's use of its restitution power to order payments from Spangler's father be directed to the government.

Finally, we agree with Spangler that the trial court erred in sentencing him to supervised release in four consecutive (rather than concurrent) terms. A 1994 amendment to the federal sentencing guidelines revised the Commentary to § 5G1.2 to clarify that 18 U.S.C. § 3624(e) requires multiple terms of supervised release to run concurrently in all cases. Indeed, 18 U.S.C. § 3624(e), which governs release of a prisoner, quite apart from the sentencing guidelines, clearly provides:

> The term of supervised release commences on the day the person is released from imprisonment and <u>runs concurrently</u> with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

18 U.S.C. § 3624(e).

Even if Spangler did not oppose imposition of consecutive terms of supervised release in district court, as the government contends he did not, the imposition of consecutive terms of supervised release is clearly contrary to 18 U.S.C. § 3624(e) and constitutes plain error. Accordingly, we vacate the sentence of consecutive terms and remand to the district court with instructions to modify the terms of Spangler's supervised release to reflect that they are to be served

4

concurrently.  See U.S. v. Magluta, 198 F.3d 1265, 1283 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304, 1305 (11th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the trial court's sentencing order is AFFIRMED in part, and VACATED and REMANDED, in part.