**UNITED STATES of America,**
**Appellee,**

**v.**

**Stefan OLESNIEWICZ (a/k/a "Stevie"),**

Defendant–Appellant.*

No. 05–5672–cr.

United States Court of Appeals,
Second Circuit.

March 5, 2008.

Robert Connolly (Matthew J. Bizzaro, on the brief), Mineola, NY, for Defendant–Appellant.

Antonia M. Apps (Katherine Polk Failla, Alexander H. Southwell, Assistant United States Attorneys, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

* The Clerk of Court is hereby directed to amend the official caption to remove Rafal Grzybowski as defendant-appellant and to reflect the above minor formatting changes.

## SUMMARY ORDER

Defendant Stefan Olesniewicz appeals from a judgment of conviction entered October 18, 2005 in the United States District Court for the Southern District of New York (Mukasey, *CJ.* ).[1]

Olesniewicz was sentenced to 37 months' imprisonment after pleading guilty to one count of fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546, one count of forgery and false use of passports, in violation of 18 U.S.C. § 1543, and one count of trafficking in fraudulent identity documents in violation of 18 U.S.C. § 1028. We assume in the parties' familiarity with the underlying facts and procedural history.

■ As an initial matter, Olesniewicz spends nearly half of the argument section of his brief contending that in view of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Sixth Amendment bars a sentencing judge from finding facts pertinent to the determination of a defendant's Guidelines range using a preponderance-of-the-evidence standard. This is no longer an open question: We have repeatedly held that *"Booker* does not affect a district judge's obligation to perform a Guidelines calculation or the burden of proof applicable to facts relevant to sentencing upon which that Guidelines calculation is made." *United States v. Salazar*, 489 F.3d 555, 558 (2d Cir.2007) (per curiam); *see also United States v. Garcia*, 413 F.3d 201, 220 n. 15. (2d Cir.2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.*").

Aside from this general objection, Olesniewicz specifically disputes two aspects of the Guidelines range calculated by the district court: (1) its determination that, in tandem with his codefendant, Rafal Grzybowski, he trafficked in 100 or more false immigration documents, resulting in a nine-level enhancement under U.S.S.G. § 2L2.1(b)(2); and (2) a four-level enhancement imposed by the district court pursuant to U.S.S.G. § 2L2.1(b)(3) based on the court's determination that Olesniewicz knew, believed, or had reason to believe that certain of the false immigration documents he sold were intended to be used in the commission of a felony offense "other than an offense involving violation of the immigration laws."

"We have long reviewed a district court's findings of fact as they apply to sentencing enhancements only for clear error." *Garcia*, 413 F.3d at 221. To reject a finding of fact as clearly erroneous, we must, after carefully reviewing the entire record, be "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "Where a defendant asserts that a district court's factual findings cannot, as a matter of law, support a particular Guidelines enhancement, we conduct *de novo* review of that legal question." *Garcia*, 413 F.3d at 222 n. 16.

■ With respect to the enhancement under § 2L2.1(b)(2), Olesniewicz argues primarily that the district court did not make sufficient findings—and the Government did not adduce sufficient evidence— to support the court's determination that he and Grzybowski were engaged in a joint criminal undertaking such that his sentence could be enhanced as a result of sales made by Grzybowski. *See United States v. Mulder*, 273 F.3d 91, 118 (2d Cir.2001) ("Mere 'knowledge of another participant's criminal acts' or 'of the scope

---

1. At the time judgment was entered, current Attorney General Michael B. Mukasey was Chief Judge of the United States District Court for the Southern District of New York.

of the overall operation' will not make a defendant criminally responsible for his co-defendants' acts.") (quoting *United States v. Studley*, 47 F.3d 569, 575 (2d Cir.1995)). Having reviewed the full record, however, we see no reason to disturb the district court's decision to hold Olesniewicz accountable for "all unlawful immigration documents in which both defendants dealt." As the district court noted, Olesniewicz frequently took to using the first-person plural when discussing his operation; a cooperating witness testified that Olesniewicz would often complete document requests that originated with Grzybowski; and perhaps most tellingly, Olesniewicz made clear, in a conversation that was surreptitiously recorded by the Government, that he was available to "tak[e] care of" matters whenever Grzybowski was away.[2]

■ As to the enhancement imposed under U.S.S.G. § 2L2.1(b)(3), Olesniewicz contends that the record at the hearing held pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir.1979), could not have supported the district court's finding that he knew (or, at the very least, should have known) what the recipients of these documents intended to do with them. The ruling was grounded in "direct evidence that [Olesniewicz] was aware specifically that [the] documents he provided were to be used to ... violate ... a non-immigration offense."[3] Although Olesniewicz here maintains, as he did at sentencing, that he did not fully appreciate the potential uses of these documents, the district court need not have credited his position. "The law ... recognizes that the *mens rea* elements of knowledge and intent can often be proved through circumstantial evidence and the reasonable inferences drawn therefrom." *United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir.2005). Chief Judge Mukasey could therefore permissibly infer that an individual who traded in such documents well understood their significance.

We have considered the appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**

---

2. In challenging this enhancement, Olesniewicz also questions whether the district court appropriately counted blank documents toward the requisite number. The Government urges us to take this opportunity to join other circuits that have found "no reason to distinguish between completed and uncompleted documents" in these circumstances, *United States v. Salazar*, 70 F.3d 351, 352 (5th Cir. 1995); *see also United States v. Castellanos*, 165 F.3d 1129, 1132 (7th Cir.1999). Because we affirm the district court's finding as to the scope of the joint enterprise, we need not reach this question. In tandem with Grzybowski, Olesniewicz trafficked in at least 100 documents that were not blank.

3. Although the district court looked to one side of split authority for its construction of U.S.S.G. § 2L2.1(b)(3), we have no occasion to decide if it correctly endorsed the formulation of this enhancement used in the Eleventh Circuit, *see United States v. Polar*, 369 F.3d 1248 (11th Cir.2004), or should instead have followed the approach of the Eighth Circuit, *see United States v. Lazaro–Guadarrama*, 71 F.3d 1419 (8th Cir.1995). Olesniewicz failed to raise this issue in his brief on appeal. "Ordinarily, we cannot reach out and consider issues the defendant himself did not raise or brief." *United States v. Crispo*, 306 F.3d 71, 86 (2d Cir.2002).