**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10255
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EFREN MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-203-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Efren Martinez appeals following his guilty plea convictions for conspiracy to possess, produce, and transfer false identification documents and to possess document-making implements (Count 1); unlawful transfer of false identification documents (Count 2); unlawful possession and aiding and abetting unlawful possession of false identification documents with intent to use and transfer unlawfully (Count 4); unlawful possession and aiding and abetting unlawful

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of document-making implements to produce false identification documents (Count 5); and aggravated identity theft (Count 6).

Martinez argues that the district court erred by applying the nine-level enhancement under U.S.S.G. § 2L2.1(b)(2)(C) on the ground that Counts 1, 2, 4, and 5 involved 100 or more documents. Because Martinez did not object on this basis in the district court, this issue is reviewed for plain error only. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). At Martinez's sentencing, a special agent of Immigrations and Customs Enforcement testified that Martinez's apartment contained, among other items used to create false identification documents, over 100 sheets of stock paper simulating green cards and social security cards. The district court did not commit plain error in applying the nine-level enhancement under § 2L2.1(b)(2)(C). *See United States v. Salazar*, 70 F.3d 351, 351-52 (5th Cir. 1995).

Martinez also argues that the district court erred in finding that a factual basis existed to support his guilty plea as to aggravated identity theft under 18 U.S.C. § 1028A. Martinez contends that he never admitted knowing that the means of identification he was using belonged to another person. Martinez argues that such knowledge is an element of § 1028A. Because this argument is raised for the first time on appeal, plain error review applies. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).

Section 1028A imposes a consecutive two-year sentence on anyone who during particular enumerated offenses "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." § 1028A(a)(1). Martinez argues that the word "knowingly" modifies not only the phrase "transfers, possesses, or uses" but also the phrase "a means of identification of another person," such that the Government was required to prove that a defendant knew that the means of identification belonged to

another person.  Martinez alternatively argues that § 1028A(a)(1) is ambiguous and that it should be interpreted in his favor pursuant to the rule of lenity.

We have not considered this issue.  The First, Ninth, and D.C. Circuits have held that the Government must prove under § 1028A that the defendant actually knew that the means of identification belonged to another person. *United States v. Godin*, 534 F.3d 51, 61 (1st Cir. 2008); *United States v. Miranda-Lopez*, 532 F.3d 1034, 1040 (9th Cir. 2008); *United States v. Villanueva-Sotelo*, 515 F.3d 1234, 1246 (D.C. Cir. 2008), *petition for cert. filed* (Nov. 7, 2008) (No. 08-622).  The Eighth, Eleventh, and Fourth Circuits have reached the opposite conclusion.  *United States v. Mendoza-Gonzalez*, 520 F.3d 912, 915 (8th Cir. 2008), *petition for cert. filed* (July 15, 2008) (No. 08-5316); *United States v. Hurtado*, 508 F.3d 603, 609, 610 & n.8 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2903 (2008); *United States v. Montejo*, 442 F.3d 213, 216-17 (4th Cir. 2006).  The Supreme Court has granted certiorari on this issue in *Flores-Figueroa v. United States*, 129 S. Ct. 457 (2008).  "An error is considered plain, or obvious, only if the error is clear under existing law."  *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).  Because the law is not currently settled, any error by the district court was not clear or obvious.  *See id.* at 759.

AFFIRMED.

3