[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14229
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00002-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONYEL JAMES FITTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 9, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Donyel James Fitts appeals his three consecutive life terms of supervised release, imposed after he pled guilty to three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).  We affirm.

## I. BACKGROUND

Fitts was arrested after his girlfriend notified the Jackson County, Florida, Sheriff's Office she had found a digital camera containing child pornography.  The camera contained video showing the victim, his girlfriend's four-year-old-daughter, performing oral sex on Fitts, as well as nude pictures of the victim.

A federal grand jury indicted Fitts on four counts of production of child pornography.  Fitts pled guilty to three of the counts in exchange for the government's dismissal of the remaining count.  During his sentencing hearing, Fitts asked the district judge to impose consecutive 15-year sentences for each count, the mandatory minimum for each offense.  The government joined in the request.  Fitts was sentenced to consecutive 15-year sentences for each count; a total of 45 years of imprisonment.  The district judge also imposed three consecutive life terms of supervised release.  Neither party objected.

## II. DISCUSSION

On appeal, Fitts argues the district judge plainly erred, when he imposed consecutive, rather than concurrent, supervised-release terms, in violation of 18 U.S.C. § 3624(e) and U.S.S.G. § 5G1.2.  When a convicted defendant did not raise

a sentencing error before the district judge, we review for plain error only. *See United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010). Establishing plain error requires the defendant show (1) an error (2) that was plain, (3) affected one's substantial rights, and (4) seriously affected the fairness of the judicial proceedings. *Id.*

Fitts argues the district judge erred by imposing three consecutive life terms of supervised release. Under the clear language of 18 U.S.C. § 3624(e), terms of supervised release must run concurrently. 18 U.S.C. § 3624(e); U.S.S.G. § 5G1.2, comment. (n.2(C)); *United States v. Magluta*, 198 F.3d 1265, 1283 (11th Cir. 1999), *vacated in part on other grounds*, 203 F.3d 1304 (11th Cir. 2000). Therefore, the district judge committed error that was plain, when he sentenced Fitts to consecutive, rather than concurrent, supervised-release terms. *See Magluta*, 198 F.3d at 1283.

The error, however, did not affect Fitts's substantial rights, because his total term of supervised release, life, would remain the same even without the error. *See United States v. Gallego*, 247 F.3d 1191, 1200 n.19 (11th Cir. 2001) (recognizing combining consecutive sentences "to equal life imprisonment are effectively the same as one sentence of life imprisonment," and a defendant's substantial rights are unaffected by affirming the sentence"). Fitts has identified no consequences, collateral or otherwise, from the imposition of consecutive life terms of supervised

3

release that could affect his substantial rights.  Therefore, he has failed to satisfy the third prong of the plain-error test.

**AFFIRMED.**