[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11164
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00018-WTM-JEG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW D. DIXON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 4, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Andrew Dixon appeals his 188-month sentence, imposed at the low end of his advisory guidelines range, for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Dixon as an armed career criminal after concluding that his extensive criminal history included the requisite three prior convictions for a "violent felony" or a "serious drug offense."[1]  18 U.S.C. § 924(e).  Dixon challenges for the first time on appeal his status as an armed career criminal, contending that one of his prior convictions was not a "violent felony" and that another was not a "serious drug offense."

Ordinarily, we review de novo whether a prior conviction qualifies as a "violent felony" under the Armed Career Criminal Act (ACCA).  See United States v. Kirk, 767 F.3d 1136, 1138 (11th Cir. 2014).  The same goes for whether a prior conviction qualifies as a "serious drug offense."  See United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009).  But because Dixon did not challenge his status as an armed career criminal at his sentence hearing, we consider only whether the district court plainly erred in sentencing Dixon as one.  See, e.g.,

---

[1] Generally, a defendant convicted of violating 18 U.S.C. § 922(g)(1), as Dixon was, faces a sentence of up to 120 months imprisonment. 18 U.S.C. 924(a)(2).  But if he is deemed an armed career criminal under the Armed Career Criminal Act (ACCA), he faces a sentence of 180 months to life imprisonment. Id. § 924(e).  The ACCA's harsher penalties apply if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Id.

United States v. Smith, 459 F.3d 1276, 1283 (11th Cir. 2006).  To prevail under plain error review, Dixon must show:  "(1) error, (2) that is plain, and (3) that affects substantial rights."  Id. (quotation marks omitted).  If Dixon makes these showings, we may then exercise our discretion to correct the error, but only if it seriously "affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation marks omitted).  Error is not plain unless it is clear or obvious under our case law or the Supreme Court's.  See United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993); United States v. Joseph, 709 F.3d 1082, 1095–96 (11th Cir. 2013) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.") (quotation marks omitted); United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (same); United States v. Magluta, 198 F.3d 1265, 1280 (11th Cir. 1999) ("[A] district court's error is not 'plain' or 'obvious' if there is no precedent directly resolving a[n] issue."), vacated in part on other grounds, 203 F.3d 1304 (11th Cir. 2000).

Dixon contends that two of his prior convictions are not ACCA predicate offenses.  The first is a 1998 Georgia felony conviction for obstructing or hindering a law enforcement officer, in violation of Georgia Code section 16-10-24(b) (1998).  Dixon argues that this offense is not a "violent felony."  The second

is a 1998 Georgia felony conviction for possessing marijuana with the intent to distribute it, in violation of Georgia Code section 16-13-30(j) (1998). Dixon argues that this offense is not a "serious drug offense." We address each of these arguments in turn.

Under Georgia Code section 16-10-24(b) (1998), anyone who "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony." We have not explicitly considered in a published opinion whether a conviction under this statute qualifies as a predicate "violent felony" under the ACCA. We have, however, asked the same question — and answered it in the affirmative — with respect to a nearly identical Florida statute. See United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010) (holding that a conviction under Florida Statute section 843.01, which provides that anyone who "knowingly and willfully resists, obstructs, or opposes any officer . . . in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . , is guilty of a felony," is a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii)). Because error is not plain unless it is "clear under current law," and our current law clearly cuts against Dixon's claim, he has failed to demonstrate plain error. Olano, 507 U.S. at 734, 113 S. Ct. at 1777; see Joseph, 709 F.3d at 1095–96; Lejarde-Rada, 319 F.3d at 1291; Magluta, 198 F.3d at 1280.

4

As for his drug conviction, Dixon contends that it is not a predicate "serious drug offense" because "discovery in the case showed that the amount of marijuana he possessed was less than 28 grams or an ounce and therefore he was actually guilty of Misdemeanor Possession of Marijuana and that the sentence is apparently illegal." That argument is meritless. The statute under which Dixon was convicted makes it a felony for any person to "possess with intent to distribute marijuana." Ga. Code Ann. § 16-13-30(j)(1)–(2) (1998). Thus, the quantity of marijuana that Dixon possessed with intent to distribute is irrelevant. See United States v. Madera-Madera, 333 F.3d 1228, 1231 (2003). Dixon's drug conviction falls squarely within the ACCA's definition of a "serious drug offense." See 18 U.S.C. § 924(e)(2)(A)(ii).

**AFFIRMED.**