[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15768
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20433-DPG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAIN DORICENT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 11, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Alain Doricent pleaded guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846.  At sentencing, the district court calculated Doricent's advisory guidelines range as 57 to 71 months.[1]  It then heard from both parties on the 18 U.S.C. § 3553(a) factors.  The government recommended that the court impose a sentence at the high end of the advisory guidelines range, partly because it believed that Doricent had previously been involved in the drug trade despite his insistence to the contrary and his lack of prior convictions.  Defense counsel responded that, although Doricent knew that some of his acquaintances were drug dealers, he had not previously been involved in the drug trade.  Defense counsel was about to detail Doricent's relationship with one co-conspirator when the district court interjected:  "Well, we've got time, but I don't think we need to take it all.  I am not going to sentence him to the high end."

The court then explained the various factors it had taken into account in fashioning Doricent's sentence.  It noted that, given the facts underlying his offense of conviction, "it kind of stretches the imagination to believe . . . that [it was] a first time event for [him]."  After allowing Doricent to speak, the court sentenced him to 60 months imprisonment, which was three months above the low

---

[1] Although Doricent's crime carries a mandatory minimum sentence of 120 months imprisonment, see 21 U.S.C. § 841(b)(1)(A), the court found that he qualified for "safety valve" relief.  Thus, it could impose a sentence within the advisory guidelines range without regard to the mandatory minimum.  See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

2

end of his advisory guidelines range.  When asked, Doricent did not object to the court's findings of fact or the manner in which the sentence was pronounced.

Doricent contends for the first time on appeal that the district court improperly restricted his right to allocution by curtailing defense counsel's remarks.  See Fed. R. Crim. P. 32(i)(4)(A)(i).  Had the district court allowed defense counsel to finish speaking, Doricent argues, the court would not have found it "at all difficult to believe that . . . [his] first foray into the drug trade" was the crime for which he was being sentenced.   He asserts that, but for the district court's error, there is a reasonable likelihood that his sentence would have been at the very bottom of his advisory guidelines range — 57 as opposed to 60 months.

Because Doricent failed to object to the alleged restriction of his right to allocution, our review is only for plain error.  See United States v. Perez, 661 F.3d 568, 583 (11th Cir. 2011).  To prevail under plain error review, Doricent must show:  "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Smith, 459 F.3d 1276, 1283 (11th Cir. 2006) (quotation marks omitted). If he makes these showings, we may then exercise our discretion to correct the error, but only if it seriously "affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation marks omitted).  Error is not plain unless it is clear or obvious under our case law or the Supreme Court's.  See United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993); United States v. Joseph,

709 F.3d 1082, 1095–96 (11th Cir. 2013) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.") (quotation marks omitted); United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (same); United States v. Magluta, 198 F.3d 1265, 1280 (11th Cir. 1999) ("[A] district court's error is not 'plain' or 'obvious' if there is no precedent directly resolving a[n] issue."), vacated in part on other grounds, 203 F.3d 1304 (11th Cir. 2000).  And, "where the effect of an error on the result in the district court is uncertain or indeterminate — where we would have to speculate — the [defendant] has not met his burden of showing . . . that his substantial rights have been affected."  United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005).

Doricent has not shown that the district court committed plain error by curtailing defense counsel's remarks.  Federal Rule of Criminal Procedure 32(i)(4)(A)(i) provides that the district court must allow defense counsel to speak before it sentences the defendant.  It does not provide that the court must allow defense counsel to speak indefinitely, and no precedent of the Supreme Court or of our Court holds as much.  In any event, even if Doricent has shown plain error, he has not shown that the error affected his substantial rights.  It is far from clear that

4

Doricent's sentence would have been any shorter had the district court heard defense counsel's full remarks on Doricent's relationship with a co-conspirator.

**AFFIRMED.**